STATE OF CONNECTICUT *v.* DAVID COOK

BOGDANSKI, HEALEY, ARMENTANO, WRIGHT and O'DONNELL, Js.

Argued December 3, 1980—decision released April 21, 1981

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Herbert Appleton,* assistant state's attorney, for the appellant (state).

*Richard A. Reeve,* for the appellee (defendant).

PER CURIAM. The facts are not in dispute. The defendant David Cook was arrested pursuant to an arrest warrant charging him with violation of probation.[1] The arrest warrant was issued after a judge of the Superior Court had conducted a review of the affidavit filed in support of the arrest warrant application and had made a finding of probable cause. The finding of probable cause and the warrant thereafter were signed by an assistant clerk of the Superior Court.

The issue to be decided is whether the language of Practice Book § 594 creates a mandatory procedure that must be followed to initiate proceedings for revocation of probation. See Practice Book § 943.[2]

---

[1] The arrest warrant was issued July 1, 1979, during the period of the defendant's probation but was not served on him until November 2, 1979, some three months after probation had terminated.

[2] Prior to October 1, 1980, Practice Book § 943 provided in pertinent part: "All proceedings for revocation of probation shall be initiated by an arrest warrant supported by an affidavit or by

Practice Book § 594 requires that the "warrant *shall* be signed by the judicial authority . . . ."[3] (Emphasis added.)

The state concedes that there is no question but that § 594 requires that warrants be signed by the "judicial authority" and that a clerk or assistant clerk does not constitute the judicial authority. The state urges and the court agrees that the issue is whether the court is mandated to dismiss, whenever such a judicial signature is either purposely or unintentionally omitted, "any warrant not in total compliance with § 594." In short, is the word "shall" in § 594 absolute and mandatory or is it merely directory?

At the outset it must be recognized that the issue involves a Practice Book rule promulgated by the judges of the Superior Court, and not a statute. The rules of statutory construction, however, are clearly applicable. The Appellate Session of the

testimony under oath showing probable cause to believe that the defendant has violated any of the conditions of his probation . . . ."

Practice Book § 943 now provides: "In cases where the revocation of probation is based upon a conviction for a new offense and the defendant is before the court or is being held in custody pursuant to that conviction, the revocation proceeding may be initiated by a motion to the court by a probation officer and a copy thereof shall be delivered personally to the defendant. All other proceedings for revocation of probation shall be initiated by an arrest warrant supported by an affidavit or by testimony under oath showing probable cause to believe that the defendant has violated any of the conditions of his probation . . . ."

[3] "[Practice Book § 594] *The warrant shall be signed by the judicial authority* and shall contain the name of the accused person, or if his name is unknown, any name or description by which he can be identified with reasonable certainty, and the conditions of release fixed, if any. It shall state the offense charged and direct any officer authorized to execute it to arrest the accused person and to bring him before a judicial authority without undue delay." (Emphasis added.)

Superior Court has confirmed the logic of this approach. *State* v. *Neal,* Superior Court, Appellate Session, No. 848 (June 12, 1980); *State* v. *Argiros,* Superior Court, Appellate Session, Nos. 730, 731 (March 26, 1979). In each case the court interpreted "shall" in Connecticut Practice Book sections as mandatory, and in so holding applied the accepted rules of statutory construction.

It has long been recognized that penal statutes and rules of criminal procedure are to be strictly construed to protect the fundamental constitutional right to liberty. See *State* v. *Tedesco,* 175 Conn. 279, 291, 397 A.2d 1352 (1978); *State* v. *Moore,* 158 Conn. 461, 465, 262 A.2d 166 (1969); *Perry* v. *Johnson,* 37 Conn. 32, 35 (1870). To conclude that the rule of strict construction did not apply to § 594 would ignore the established law of this state.

Words and phrases are to be given their ordinary meaning in construing statutes unless the text indicates otherwise. General Statutes § 1-1. Unless the text indicates otherwise, the word "shall" must be assumed to have been used with full awareness of its ordinary meaning. *Graham* v. *Zimmerman,* 181 Conn. 367, 371, 435 A.2d 996 (1980). An examination of the text of § 594 clearly indicates nothing which can support the intent to use the word in a context other than its ordinary meaning.

Every portion of a statute is presumed to have a separate and independent meaning. *State* v. *Grant,* 176 Conn. 17, 20, 404 A.2d 873 (1978); *Engle* v. *Personnel Appeal Board,* 175 Conn. 127, 129–30, 394 A.2d 731 (1978). The state's contention is that the essence of § 594 is a finding of probable cause and, this being so, the term "shall" is merely

directory. This court does not agree. The language of § 594 is very clear; it mandates that the warrant shall be signed by the judicial authority.

This court agrees with the trial court's conclusion that § 594 is designed to provide protection of an individual's liberty and security interest as supported by logic and precedent. The presence of the judge's signature lends an authenticity to the warrant which is self-evident due to its presence. An assurance of accuracy and deliberation attaches to a document bearing the official's or judge's signature, and, not the least important, it involves a document which ultimately reaches the individual's fundamental constitutional right.

The warrant lacked the judge's personal signature and therefore failed to comply with Practice Book § 594 and therefore could not initiate proceedings for revocation of probation. Practice Book § 943. The granting of the motion to dismiss was proper.

There is no error.