TERESA D. DETEVES *v.* DINIS C. DETEVES
(12890)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and F. FREEDMAN, Js.

Argued December 9, 1986—decision released February 10, 1987

*Nancy O'Connell Dodge,* for the appellant (defendant).

*Thomas J. Keramidas,* with whom, on the brief, were *Roy L. Smith* and *Jane Cable,* for the appellee (plaintiff).

ARTHUR H. HEALEY, J. The issue in this marital dissolution case is whether the defendant husband, Dinis DeTeves, has taken a timely appeal. The procedural background of the case is as follows. This case was originally tried in 1982. In 1984, the Appellate Court found error in the award of alimony and in the property disposition and remanded the case for a rehearing. Upon the rehearing, the court, *Schaller, J.,* awarded the plaintiff the entire interest in a multi-family house in Pawcatuck, $1 per year alimony and attorney's fees for the rehearing. This decision was filed on May 29, 1985. By motion filed on June 13, 1985, counsel for the defendant requested an extension of time until July 18, 1985, within which to file an appeal of the decision of May 29, 1985. The reason advanced for the motion was that the defendant resided in the Azores, that he could only be reached by mail and that past experience had shown that four to five weeks were needed for the defendant to receive information from his attorney and to reply. The court, *Hendel, J.,* granted this motion on June 17, 1985.

On July 12, 1985, counsel for the defendant filed a second motion for extension of time until August 19, 1985, within which to file an appeal. The reasons advanced for this second request for an extension were that counsel had been informed by a relative of the

defendant that the defendant was ill and wanted the relative to speak personally to counsel when that relative arrived in the United States in early August, 1985. This motion also indicated that at that time counsel would "then move to file an appeal if it is [the] Defendant's wishes." The court, *Hendel, J.,* granted this motion on July 15, 1985.

On July 18, 1985, the plaintiff filed an objection[1] to the second requested extension and asked that a hearing be held on the matter. With copies to counsel dated July 18, 1985, the court, *Hendel, J.,* revoked its order of July 15, 1985, granting the defendant's motion. In addition, the court ordered that the motion for extension of time to file the appeal and the objection filed July 18, 1985, were to be heard before the court, *Hendel, J.,* on July 29, 1985. On August 15, 1985, the court, *Hendel, J.,* denied the defendant's request for the second extension.[2]

The defendant filed an appeal to the Appellate Court on August 14, 1985. On August 23, 1985, the plaintiff filed a motion, pursuant to Practice Book § 3110,[3] to

---

[1] That objection stated the following:

"OBJECTION TO MOTION TO EXTEND

TIME FOR FILING APPEAL

Counsel for the Plaintiff objects to the Defendant's motion to extend the time for filing an appeal and respectfully requests the court to set a date for a hearing on the matter.

This request is filed under the provision of § 3097 (c) (2) of the Connecticut Practice Book."

[2] The defendant's brief states that on August 17, 1985, he received from the Superior Court clerk's office a copy of this denial on which the date of denial "appears to be August 5, 1985, but it is stamped 'Filed August 15, 1985 Superior Court' and 'copies to counsel 8-15-85.' "

The defendant's counsel, who is a member of the Connecticut and Rhode Island bars, maintained her office in Westerly, Rhode Island, at the time of these proceedings in 1985.

[3] Practice Book § 3110 (now § 4056) provides: "Any claim that an appeal or writ of error should be dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed or other defect, shall be made

dismiss the appeal as "untimely filed."[4] After a hearing on this motion, including the defendant's objections, the Appellate Court granted the motion to dismiss on October 10, 1985. On December 3, 1985, we granted the defendant's petition for certification.

The defendant claims that the Appellate Court erred in: (1) finding that his appeal was "untimely filed" given the factual pattern of this case; (2) not finding that he was "entitled" to notice of the denial of his second motion for extension of time before the appeal "could be dismissed as 'untimely filed' "; and (3) not providing for a time period in which to perfect his appeal following the unfavorable ruling on his second motion for extension of time. We affirm the action of the Appellate Court dismissing the defendant's appeal.

" 'The right of appeal is purely statutory and is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met.' " *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 293, 320 A.2d 797 (1973), quoting *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540 (1965). Practice Book § 3007 (now § 4009) sets forth a clear and specific timetable for the filing of an appeal from a judgment of the trial court. Section 3007 provides in relevant part that "[t]he party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the ren-

___

by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Secs. 3098 [now § 4041] and 3099 [now § 4042] within ten days after the filing of the appeal or the return day of the writ, or if the ground alleged subsequently occurs, within ten days after it has arisen, provided that a motion based on lack of jurisdiction may be filed at any time. The court may on its own motion order that an appeal be dismissed for lack of jurisdiction."

[4] The motion to dismiss the appeal stated the following: "The plaintiff in the above captioned matter respectfully requests the court to dismiss the defendant's appeal as untimely filed. This motion is filed pursuant to Section 3110, Connecticut Practice Book."

dition of the judgment or decision from which the appeal is taken, file an appeal in the manner prescribed by Sec. 3011 [now § 4012] . . . ." See also Practice Book § 2000. "The meaning of 'within' is ' "not longer in time than"; Webster's New International Dictionary (2d Ed.); "not later than"; 69 C.J. 1315; 45 Words & Phrases (Perm. Ed.), p. 378. The word "within" is almost universally used as a word of limitation, unless there are other controlling words in the context showing that a different meaning was intended.' " *Royce* v. *Freedom of Information Commission*, 177 Conn. 584, 586, 418 A.2d 939 (1979). Section 3097 (a) (now § 4040) provides for an extension of this twenty day appeal period. Section 3097 (a) provides in relevant part that "[*i*]*n no event* shall the trial judge extend the time for filing the appeal to a date which is more than twenty days from the expiration of the original appeal period."[5] (Emphasis added.) The maximum time within which an appeal can be filed, therefore, is forty days.

The judgment in this case was rendered on May 29, 1985.[6] The defendant's appeal, therefore, absent a proper extension of time to file an appeal, should have

---

[5] Practice Book § 3097 (now § 4040) provides in part: "EXTENSION OF TIME

"(a) If an appeal has not yet been filed, the judge who tried the case may, for good cause shown, extend the time provided for filing the appeal, except as may be otherwise provided in these rules. In no event shall the trial judge extend the time for filing the appeal to a date which is more than twenty days from the expiration date of the original appeal period.

\* \* \*

"(4) No motion under this rule shall be granted unless it is filed before the time for filing the appeal or subsequent paper has expired."

[6] After remand, the trial court, *Schaller, J.*, held a hearing. After this hearing, the trial court filed its written memorandum of decision dated May 23, 1985, in the clerk's office on May 29, 1985. "A judgment is in fact rendered in a cause tried to the court when the trial judge officially announces his decision orally in open court, or, out of court, signifies orally or in a writing filed with the clerk in his official capacity the decision pronounced by him." *Bogaert* v. *Zoning Board of Appeals*, 162 Conn. 532, 535, 294 A.2d 573 (1972); see also *State* v. *Nardini*, 187 Conn. 109, 127, 445 A.2d 304 (1982).

been filed on or before June 18, 1985.[7] No appeal was filed within the original twenty day period, but on June 17, 1985, the trial court, *Hendel, J.,* granted the defendant's timely motion, to which the plaintiff did not object, to extend the time to file an appeal until July 18, 1985.[8] The defendant's motion, on its face, stated that it was "filed under the provisions of Sec. 3097, Connecticut Practice Book."

The extension to July 18, 1985, extended the appeal period beyond that allowed by Practice Book § 3097 (a). Not only was the date of July 18, 1985, well beyond a date "which [was] more than twenty days from the expiration of the original appeal period," but so were a number of the days immediately preceding that date. The trial court did not have power to grant a motion extending the appeal period beyond July 8, 1985.

The language of § 3097 (a) is clear and unambiguous. *State* v. *Cook,* 183 Conn. 520, 522–23, 441 A.2d 41 (1981); see *Caulkins* v. *Petrillo,* 200 Conn. 713, 717, 513 A.2d 43 (1986). Significantly, the relevant sentence of § 3097 (a) was added by amendment effective October 1, 1982. Prior to that amendment, § 3097 (a) consisted of one sentence which simply provided: "If an appeal has not yet been filed, the judge who tried the case *may,* for good cause shown, extend the time provided for filing the appeal, except as *may* be otherwise provided in these rules." (Emphasis added.) The 1982 amendment, in addition to the "no event" language, also inserted the word "shall" into § 3097 (a) where previously the word "may" appeared in delineating the

---

[7] The general rule is that where a period of time is to be calculated from a particular date or event, the day of such date or event is excluded from the computation. *Lamberti* v. *Stamford,* 131 Conn. 396, 397–98, 40 A.2d 190 (1945).

[8] The record before us does not disclose that the plaintiff raised any question that the extension granted to July 18, 1985, was "more than twenty days from the expiration date of the original appeal period."

trial judge's authority. This underscores our interpretation that "shall" in the 1982 amendment is mandatory. The rules of statutory construction are "clearly applicable" to the construction of our rules of practice. *State* v. *Cook,* supra, 521. Thus, the words "shall" and "may" as used in § 3097 (a), and indeed throughout § 3097, are to be accorded their plain and ordinary meanings. General Statutes § 1-1; *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 203, 440 A.2d 286 (1982). The use of "shall" in § 3097 (a), "commonly mandatory and directory in connotation, [is] a factor that evidences affirmative selectivity of terms with specific intent to be distinctive in meaning." *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978); *Caulkins* v. *Petrillo,* supra. The plain language of § 3097 (a) does not provide the trial court with power to extend the time period for filing an appeal more than twenty days from the expiration date of the original appeal period.

The absence of power in the trial court is dispositive of this case. The appeal should have been filed at the latest on July 8, 1985. It in fact was not filed until August 14, 1985. The Appellate Court correctly granted the plaintiff's timely motion to dismiss the appeal as untimely.[9]

The defendant next argues that the filing of a motion to extend the time period for filing an appeal tolls the expiration of the time period for filing an appeal until the court rules on the motion to extend. In support of this argument, the defendant points to his ability to file for an extension at any time before the expiration date of the original appeal period and the plaintiff's ability to object to that request. The defendant maintains that

---

[9] We, of course, do not know nor can we speculate whether the Appellate Court granted the motion to dismiss because the appeal was filed after the expiration of the first extension or because the trial court lacked the power to grant an extension beyond forty days.

this procedure presents the possibility that the initial time period will expire before the court rules on the motion and the objection thereto. The defendant maintains that fairness dictates that, in such situations, the appellant be given an additional time, after the denial of his request to extend, to perfect his appeal. In effect, the defendant is urging this court to permit an automatic extension of the appeal period whenever a trial judge denies a request for an extension made at or near the expiration of the appeal period. The defendant contends that to hold otherwise would "thwart" the purpose of allowing requests for extensions and require the filing of an appeal or risk dismissal for untimely filing.

We need not reach the merits of the defendant's argument because the defendant's second motion for extension of time was filed July 12, 1985, a date which was after the expiration of the time limit sought to be extended. Moreover, the Practice Book rules do not confer discretion upon the trial judge to enlarge the appeal period more than twenty days from the expiration of the original appeal period.[10]

We affirm the Appellate Court's judgment to dismiss the defendant's appeal.

In this opinion the other justices concurred.

---

[10] We note that there is nothing in the record before us to demonstrate that the defendant ever requested that the Appellate Court suspend its rules to permit a late appeal. See Practice Book § 3096 (now § 4183). It is not necessary, therefore, for us to address any claim going to the discretion of the Appellate Court.

We note also that Practice Book § 3097 (now § 4040) has been amended, effective October 1, 1986. That section currently states, inter alia: "Where a timely motion for extension of the period of time within which to appeal has been filed at least ten days before expiration of the time limit sought to be extended, the party seeking to appeal shall have no less than ten days from issuance of notice of denial of the motion to file his appeal."