STATE OF CONNECTICUT *v.* THURLOW CAREY
(8556)

DALY, O'CONNELL and LANDAU, Js.

Argued September 12, 1990—decision released July 30, 1991

*John M. Hudock,* certified legal intern, with whom was *Todd D. Fernow,* for the appellant (defendant).

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Pedro Segarra,* former deputy assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the revocation of his probation. He claims that the evidence presented at his revocation hearing (1) was insufficient as a matter of law, (2) violated his constitutional right to due process of law, and (3) violated his right to cross-examine witnesses. We reverse the judgment of the trial court.

The record discloses that on June 13, 1988, the defendant pleaded guilty to assault in the third degree in violation of General Statutes § 53a-61 and was sentenced to ninety days in the custody of the commissioner of correction. The defendant's sentence was suspended and he was placed on probation for one year subject to a condition that he have no further contact with the victim of the assault. During the defendant's probationary period, he was arrested twice for allegedly assaulting the victim. After the first arrest, the defendant's probation officer filed a motion for violation of probation pursuant to Practice Book § 943[1] and, fol-

---

[1] Practice Book § 943 provides in pertinent part: "In cases where the revocation of probation is based upon a *conviction for a new offense* and the defendant is before the court or is being held in custody *pursuant to that conviction,* the revocation proceeding may be initiated by a motion to

lowing the second arrest, filed a substitute motion apparently intending to include both arrests. The substitute motion indicated that the reason for the motion was "[s]ubsequent arrests."

The sole witness at the revocation hearing was the defendant's probation officer. Following her testimony, the state rested and the defendant declined to present evidence on his own behalf. The court found that the defendant had violated his probation and put the original sentence into effect. The defendant appealed.

We first address the threshold question of whether this matter was properly before the trial court. The question was raised by this court sua sponte at oral argument and, because neither party's appellate briefs addressed the issue, we granted a continuance in order to receive supplemental briefs.

We must first determine if we are barred from considering this question sua sponte because of the Supreme Court's decision in *Lo Sacco* v. *Young*, 210 Conn. 503, 508–509, 555 A.2d 986 (1989). The gravamen of the *Lo Sacco* decision is that procedural rules, as opposed to substantive requirements, are considered waived if not raised by the parties. Because the rule at issue in the present case concerns the court's subject matter jurisdiction, it is clearly substantive and therefore may be raised at any time. See *DiBerardino* v. *DiBerardino*, 213 Conn. 373, 377, 568 A.2d 431 (1990).

the court by a probation officer and a copy thereof shall be delivered personally to the defendant. All other proceedings for revocation of probation shall be initiated by an arrest warrant supported by an affidavit or by testimony under oath showing probable cause to believe that the defendant has violated any of the conditions of his probation or his conditional discharge or by a written notice to appear to answer to the charge of such violation, which notice, signed by a judge of the superior court, shall be personally served upon the defendant by a probation officer and contain a statement of the alleged violation." (Emphasis added.)

Even if the rule here is procedural, the present case is sufficiently distinguishable from *Lo Sacco* to permit us to raise it on our own motion. In the present case, we directed the parties' attention to the apparent noncompliance with Practice Book § 943 during oral argument. Section 943 establishes the procedure for initiating a violation of probation proceeding. Both parties stated that they had not considered whether there had been compliance with the rule and that this was an oversight. Neither party claimed that there had been any express or implied waiver of the rule and both parties accepted the opportunity to brief the issue. This procedural history contrasts sharply with *Lo Sacco* where the Appellate Court, without warning or notice, raised a rule of practice in its decision sua sponte and then relied on it as the sole basis for its decision. The *Lo Sacco* parties were never given an opportuniuty to address the rule. Because this court pointed out the overlooked rule in the present case, and gave the parties an opportunity to fully brief the issue, this case falls outside the *Lo Sacco* proscription against Appellate Court action sua sponte.

The defendant vigorously argues in his supplemental brief that the failure of the state to follow the procedure mandated by Practice Book § 943 deprived the trial court of subject matter jurisdiction. Practice Book § 943 provides for the commencement of a violation of a probation proceeding by motion only if (1) *the revocation is based upon a conviction for a new offense and* (2) *the defendant is before the court pursuant to that conviction.* This proceeding did not satisfy either requirement and therefore it was improperly commenced by motion. The state does not claim any attempt was made to initiate the proceeding by either of the other two permissible methods (i.e., an arrest warrant or a written notice signed by a judge and served by a probation officer).

"It has long been recognized that penal statutes and rules of criminal procedure are to be strictly construed to protect the fundamental constitutional right to liberty." *State* v. *Cook,* 183 Conn. 520, 522, 441 A.2d 41 (1981). In *Cook,* the Supreme Court affirmed the trial court's dismissal of probation revocation proceedings because the arrest warrant lacked a judge's signature, and therefore failed to comply with the rule of practice. Id., 523. The present case is more egregious than *Cook* because here there was no warrant, nor was there any compliance with the alternative methods by which violation of probation proceedings might have been started.

The state argues that we should apply the doctrine that " '[d]ue process of law is satisfied when one present in court is *convicted of crime* after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards.' " (Emphasis added.) *State* v. *Fleming,* 198 Conn. 255, 263, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986); *United States* v. *Crews,* 445 U.S. 463, 474, 100 S. Ct. 1244, 63 L. Ed. 2d 537 (1980); *Frisbie* v. *Collins,* 342 U.S. 519, 522, 72 S. Ct. 509, 96 L. Ed. 2d 541 (1952).[2] We do not apply that rule to this case, however, because it pertains to a criminal prosecution and it is black letter law that a probation revocation hearing is not a stage of a criminal prosecution. *Gagnon* v. *Scarpelli,* 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *State* v. *Wright,* 24 Conn. App. 575, 580, 590 A.2d 486 (1991). Probation violation matters are discrete statutory procedures to which many of the sub-

---

[2] Even if violation of probation were a crime, it is doubtful that the words "subsequent arrests" would be sufficient to satisfy the *Fleming* court's requirement that the defendant be "fairly apprized of the charges against him . . . ." *State* v. *Fleming,* 198 Conn. 255, 263, 502 A.2d 886 (1986).

stantive and procedural rules of criminal law do not apply. *Payne* v. *Robinson,* 207 Conn. 565, 571, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988) (inapplicability of the exclusionary rule); *State* v. *Smith,* 207 Conn. 152, 177, 540 A.2d 679 (1988) (different standard of proof); *State* v. *White,* 169 Conn. 223, 239–40, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975) (different hearsay evidence rule); *State* v. *Baxter,* 19 Conn. App. 304, 312–13, 563 A.2d 721 (1989) (conditional right to liberty). We appreciate that the thrust of these cases is to affirm probation revocations when criminal prosecution standards are not met. We are not prepared, however, to create a double standard effectively holding that violation proceedings are not criminal prosecutions when that interpretation benefits the state, but *are* criminal prosecutions when that interpretation benefits the state. Thus, we decline to apply the doctrine of *State* v. *Fleming,* supra, to the present case.

Connecticut has not ruled on whether a court's power to grant probation is inherent or purely statutory. Although other jurisdictions are not unanimous on the question, it is generally held that the power to suspend execution of a sentence and place a defendant on probation is dependent upon statutory provision and can be exercised only in accordance with the terms of the statute. *State* v. *Wright,* 202 N.W.2d 72, 76 (Iowa 1972); see also 21 Am. Jur. 2d, Criminal Law § 568; 56 A.L.R.3d 916. Penal statutes are to be strictly construed in favor of the defendant and not extended by implication. *State* v. *Hufford,* 205 Conn. 386, 392, 533 A.2d 866 (1987). Rules of practice are to be interpreted according to the same rules of construction as statutes. *State* v. *Cook,* supra, 521.

It is axiomatic that when a procedure is established by statute, lack of strict compliance with the statute

makes the matter subject to dismissal for lack of jurisdiction. *Shine* v. *Powers,* 37 Conn. Sup. 710, 711, 435 A.2d 375 (1981). This principle has been applied to, inter alia, appeals from administrative agencies to the courts; *Donis* v. *Board of Examiners in Podiatry,* 207 Conn. 674, 683, 542 A.2d 726 (1988); appeals from trial courts to appellate tribunals; *DeTeves* v. *DeTeves,* 202 Conn. 292, 295, 520 A.2d 608 (1987); and highway defect actions against the state pursuant to General Statutes § 13a-144. *Kuchinski* v. *Burns,* 23 Conn. App. 198, 200, 579 A.2d 585 (1990). Accordingly, probation revocation proceedings are valid only if they strictly comply with the statutes and rules of practice that established them. The state's failure to comply with Practice Book § 943 governing the commencement of a violation of probation proceeding deprived the trial court of subject matter jurisdiction.

We note the disparity between General Statutes § 53a-32 (a) and Practice Book § 943. See *State* v. *Baxter,* supra, 312 n.8. The statute does not include a provision for the commencement of a violation of probation proceedings by motion.[3] We are therefore facially confronted with reconciliation of the rule of practice and

---

[3] General Statutes § 53a-32 (a) provides in pertinent part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. Any such warrant shall authorize all officers named therein to return the defendant to the custody of the court or to any suitable detention facility designated by the court. Any probation officer may arrest any defendant on probation without a warrant or may deputize any other officer with power to arrest to do so by giving him a written statement setting forth that the defendant has, in the judgment of the probation officer, violated the conditions of his probation. Such written statement, delivered with the defendant by the arresting officer to the official in charge of any correctional center or other place of detention, shall be sufficient warrant for the detention of the defendant."

the statute to determine a possible violation of the constitutional doctrine of separation of powers. See *State* v. *Clemente,* 166 Conn. 501, 507, 353 A.2d 723 (1974). It is a well founded principle, however, that a court should decide a question on nonconstitutional grounds whenever possible. *State* v. *Williams,* 200 Conn. 310, 322, 511 A.2d 1000 (1986). We satisfy this principle today by holding that Practice Book § 943 requires strict compliance and that strict compliance was lacking. Accordingly, because the rule of practice in question was not satisfied, we do not reach the constitutional issue raised by the conflict between the rule and the statute.

The judgment is reversed and the case is remanded with direction to dismiss the proceeding.

In this opinion the other judges concurred.