[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action plaintiff Attorney Jean B. Nizen appeals from three reprimands issued against her by defendant Statewide Grievance Committee [hereinafter Committee].
Defendant's reviewing committee heard all three grievances on the same day. These grievances were brought against plaintiff attorney by Marilyn Bryant, Madelyn Valla and Lulu Bland. The grievances all concerned plaintiff's representation in dissolution actions. Plaintiff appeared at the hearings without counsel.
The reviewing committee issued a proposed decision in each of the three matters recommending that defendant Statewide Grievance Committee reprimand plaintiff. By letter dated July 1, 1992, plaintiff responded separately in opposition to the proposed decisions. Certification of the CT Page 3791 Record, Bryant item #13; Valla item #12; Brand item #11. These responses were filed by Attorney Carl V. Pantaleo. On July 16, 1992, the Committee notified plaintiff in three separate letters that it was adopting the proposed decisions of the reviewing committee and issued reprimands in all three matters. Bryant Record item #14; Valla Record item #14; Bland Record item #13. By letter dated August 3, 1992, Attorney Pantaleo requested a rehearing and redetermination pending receipt of a physician's report. See Valla Record, Item #15. A report from Dr. Morton Bender was received by the Committee on August 31, 1992. See Valla Record Item #16. By letter dated October 1, 1992, the Committee declined to reconsider its decisions. See Valla Record item #17.
The present appeal was filed on October 26, 1992. Attached to the appeal was a motion to stay the decision. This motion does not appear to have been ruled upon. Plaintiff also filed motions to add to the record dated December 28, 1992 and January 11, 1993. The motion dated December 28 was granted in part as to items numbered 18, 19, 21 and 22. The items, which were attached to the motion, consisted of a petition for inactive status dated May 18, 1992, a postcard denying said petition dated August 19, 1992, papers filed in the matter of Valla v. Valla, and the original file in Valla v. Valla upon subpoena. Numbers 20 and 23 were not permitted to be added. These consisted of a letter dated July 20, 1990 to Madelyn Valla from Tricia L. Palmieri, Esq. and a copy of a January 9, 1991 phone bill of plaintiff indicating a telephone call to a friend of Marilyn Bryant. The motion to add to the record dated January 11 was denied.
Appeals from reprimands of the Statewide Grievance Committee are to be taken in accordance with Practice Book 27N. Such appeals "shall be filed with the clerk of the superior court for the judicial district of Hartford-New Britain at Hartford within thirty days from the issuance . . . of the decision." Plaintiff did not file the present appeal within the time set forth in 27N. As noted, plaintiff, by her attorney, instead wrote to the Committee seeking reconsideration. The Committee's decision on the reconsideration was dated October 1, 1992. See Valla Record item #17. The appeal was filed within thirty days from that date. Both plaintiff and the Committee appear to have assumed that the request for reconsideration tolled the time for appeal. No challenge has been made as to timeliness. CT Page 3792 Nevertheless, this issue involves the subject matter jurisdiction of the court. Thus, if the appeal is not timely, it must be dismissed.
Practice Book provisions are subject to the rules of statutory construction. State v. James, 197 Conn. 358, 363,497 A.2d 402, (1985), citing State v. Cook, 183 Conn. 520,521, 441 A.2d 41 (1981). Section 27N provides for the equivalent of a statutory appeal — an appeal which would not be permitted absent a specific provision. The language of 27N is much the same as the appeal provisions of the Uniform Administrative Procedure Act, 4-183 General Statutes. However, 27N does not contain a provision for reconsideration as does 4-181a of the Uniform Administrative Procedure Act. Under the doctrine of strict compliance, it is not clear that this appeal is timely absent an express provision for reconsideration. In the interest of justice, this court finds that general principles of administrative law would allow the present appeal which was timely filed subsequent to reconsideration. "[W]e see no reason why the right of an attorney to judicial review in a disciplinary matter should be any different than the process accorded other professionals in disciplinary matters before licensing and/or disciplinary boards." Pinsky v. Statewide Grievance Committee, 216 Conn. 228,235, 578 A.2d 1075 (1990).
Plaintiff's grounds for the appeal generally set forth factual disputes with the findings of the Committee which are claimed as errors of law. Additionally, plaintiff claims she was ill at the time of her hearings.
In paragraph 8 of her appeal, plaintiff appears to concede improper conduct by claiming that the grievances were the result of the Committee's failure to put her on inactive status at an earlier date. (This interpretation of paragraph 8 is supported by the same assertion made in plaintiff's attorney's letters dated July 1, 1992 in opposition to the proposed decision wherein he states:
 Further, early in Attorney Nizen's illness, Joseph Buckley, Esq. was made aware of the seriousness of it by her husband and Atty. Shawn Mark O'Neill of New Haven. If some action was taken at that time by your committee to put her on inactive status and CT Page 3793 the court appointed a trustee to oversee these files, these grievances would have been avoided.
This court finds it difficult not to consider these assertions as an admission. If indeed they are not, they come perilously close.)
Finally, plaintiff claims that the reviewing committee failed to render its decision in accordance with Practice Book 27J(e). This final issue has not been briefed, nor is there any evidence that there is any validity to this claim.
The standard for review of this appeal is set forth in Practice Book 27N(f):
 Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing the Committee's decision, the court is bound by the substantial evidence test as set forth in Huck v. Inland Wetlands Watercourses Agency of Greenwich, 203 Conn. 525,539, 525 A.2d 940 (1987). The Committee's findings must be supported by clear and convincing evidence. Statewide Grievance Committee, Presnick, 215 Conn. 162, 171,575 A.2d 210 (1990). CT Page 3794 The Bland Grievance
Ms. Bland retained Attorney Nizen for a dissolution matter in February of 1990. She filed her grievance in March of 1991. In her response to the grievance, Attorney Nizen stated that when the case was set down for a final hearing on August 24, 1990, she was too ill to attend. The case was dismissed. At the hearing before the reviewing committee Attorney Nizen could produce no evidence to support her claim that she had communicated with Ms. Bland until after the grievance was filed. The grievance was filed seven months after the dismissal and well beyond the four month period for reopening a judgment. Based on these facts, the reviewing committee recommended a reprimand. This court finds that there was substantial and competent evidence to support the Committee's acceptance of the recommendation based on a violation of Rule 1.4 of the Rules of Professional Conduct in that Attorney Nizen had failed to keep Mr. Bland reasonably informed.
The Bryant Grievance
Ms. Bryant retained Attorney Nizen for a dissolution matter in early December 1990. She filed her grievance on February 8, 1991. She alleged that she had been unable to reach Attorney Nizen for two months, that her calls had not been returned, that notes left at Attorney Nizen's home had gone unanswered, and that Attorney Nizen's telephone was disconnected. At the hearing, Attorney Nizen claimed that the difficulty in the case was her inability to locate Ms. Bryant's husband to effectuate service of process. Attorney Nizen offered a copy of a letter dated February 8, 1990 (which she stated was a typographical error and should have been dated 1991) to Ms. Bryant. Bryant Certification of the Record, Item 9, Transcript p. 6. February 8 was two days before the grievance was filed. Attorney Nizen admitted her telephone had been disconnected although she claimed she had some contact with Ms. Bryant. The transcript of this hearing reveals that, on a prior occasion, Attorney Nizen had represented to the reviewing committing that she had not engaged in the practice of law after January 1991. Bryant Transcript p. 7. Attorney Nizen conceded that the Bryant case constituted the practice of law after January. Bryant Transcript p. 10. The reviewing committee had to assess the credibility of Attorney Nizen's assertions about contact with CT Page 3795 the client between December and February in view of the fact that the only documentary evidence was the letter of February 8. The reviewing committee recommended a reprimand. This court finds that the Committee was entitled to assess Attorney Nizen's credibility against the background of her prior assertion that she had not practiced law during the period of time in question. There was substantial and competent evidence to support the Committee's acceptance of the recommendation based on a violation of Rule 1.4 of the Rules of Professional Conduct in that Attorney Nizen had failed to keep Ms. Bryant reasonably informed. In connection with this grievance, the court is compelled to note the highly inappropriate and completely speculative comments with regard to Ms. Bryant in connection with the arbitration on the subsequent fee dispute and Ms. Bryant's motives in retaining Attorney Nizen. Bryant Certification of the Record, Item 9, letter dated July 1, 1992. These comments were repeated in plaintiff's brief dated December 31, 1992. Moreover, counsel for plaintiff suggested in the brief of December 31 and at oral argument that Attorney Nizen's conduct should be excused because these women did not pay enough money for these cases. The court finds all these remarks outrageous, irrelevant, unsupported by the record, and completely unworthy of a Commissioner of the Superior Court.
The Valla Grievance
Ms. Valla claimed to have retained Attorney Nizen in April of 1990. Her grievance was filed on February 2, 1991. The record does not support the claim that Attorney Nizen was retained by Ms. Valla. Attorney Nizen asserts that her former associate, Tricia Palmieri, was retained. This claim is supported by items which were permitted as an addendum to the record. See Motion to Add to the Record, December 28, 1992, item 21 and attachments. These documents show that Attorney Palmieri filed the papers in this matter. There is no substantial and competent evidence to support the assertion that Attorney Nizen ever assumed responsibility for this file. The appeal is sustained as to this reprimand.
In summary, the appeal is dismissed as to the reprimands related to the Bland and Bryant grievances and sustained as to the Valla grievance. No costs will be taxed in connection with this appeal. CT Page 3796
Dunnell, J.