JONATHAN MEDLEY *v.* COMMISSIONER OF CORRECTION
(12858)

LAVERY, HEIMAN and FREEDMAN, Js.

Argued June 7—decision released August 9, 1994

*Lauren Weisfeld,* assistant public defender, for the appellant (petitioner).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Gerard P. Eisenman* assistant state's attorney, for the appellee (respondent).

HEIMAN, J. The petitioner appeals from the judgment of the habeas court dismissing his habeas corpus petition. On appeal, the petitioner claims that the habeas court improperly determined that the sentencing court did not violate Practice Book § 698[1] when it rejected the plea agreement between the petitioner and the prosecutor. We affirm the judgment of the habeas court.

The habeas court found the following facts. On July 6, 1986, the petitioner appeared before the trial court, *S. Freedman, J.,* and entered guilty pleas to the charges of murder in violation of General Statutes § 53a-54a (a)[2] and manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3).[3] The parties informed the trial court that a plea agreement existed that called for the petitioner to plead guilty to the two charges in exchange for the prosecutor's

[1] Practice Book § 698 provides: "If the judicial authority rejects the plea agreement, he shall inform the parties of this fact; advise the defendant personally in open court or, on a showing of good cause, in camera that the court is not bound by the plea agreement; afford the defendant the opportunity then to withdraw his plea, if given; and advise the defendant that if he persists in his guilty plea or plea of nolo contendere, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."

[2] General Statutes § 53a-54a provides in pertinent part: "(a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception . . . ."

[3] General Statutes § 53a-55 (a) provides in pertinent part: "A person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

recommendation, at the time of sentencing, of sentences of thirty years incarceration for the murder charge and fifteen years incarceration for the manslaughter charge, the sentences to run concurrently, for a total effective sentence of thirty years. The trial court canvassed the guilty pleas, made the requisite findings and entered findings of guilty. The case was continued for sentencing to July 18, 1986.

On July 18, 1986, the petitioner appeared before the sentencing court, *Nigro, J.* The sentencing court was informed by both the prosecutor and petitioner's counsel that the agreed recommendation was a total effective sentence of thirty years to serve. Neither party informed the sentencing court that a thirty year sentence on the murder charge and a fifteen year concurrent sentence on the manslaughter charge had been agreed to when the plea was accepted. The sentencing court then imposed a sentence that it believed was "recommended and agreed to" by the parties. The trial court imposed a sentence of thirty years on the murder charge and twenty years on the manslaughter charge, the sentences to run concurrently, for a total effective sentence of thirty years. The sentencing court never recited to the petitioner the information contained in Practice Book § 698. Neither party objected to the sentence and the petitioner never requested permission to withdraw his plea pursuant to Practice Book § 721 (3).[4] The petitioner never appealed.

In 1992, a fellow inmate of the petitioner perused the petitioner's transcripts from the plea and sentenc-

---

[4] Practice Book § 721 provides in pertinent part: "The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows . . .

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered . . . ."

ing hearings and informed the petitioner of the discrepancy between the plea agreement and the sentence imposed. Upon receiving this information, the petitioner filed this habeas petition. The habeas court found that the sentencing court did not reject the plea agreement and, therefore, the trial court was not required to inform the petitioner of his right to withdraw the plea under Practice Book § 698. This appeal followed.

"We have long recognized that plea agreements are an essential and necessary part of the due administration of criminal justice. *State* v. *Nelson,* 23 Conn. App. 215, 218, 579 A.2d 1104, cert. denied, 216 Conn. 826, 582 A.2d 204 (1990), cert. denied, 499 U.S. 922, 111 S. Ct. 1315, 113 L. Ed. 2d 248 (1991); see also *Santobello* v. *New York,* 404 U.S. 257, 260–61, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). While plea agreements are an essential part of the disposition of criminal cases, the right, duty and discretion of the trial judge to fashion an appropriate sentence in each case cannot be undermined by a plea agreement entered into between the parties. See *State* v. *Littlejohn,* 199 Conn. 631, 644, 508 A.2d 1376 (1986). Thus, while the state may bind itself to make a specific recommendation with respect to a criminal disposition, neither the state nor the defendant, nor a combination thereof, may compel the trial court to accept a suggested disposition arrived at between the parties. Id." *Miller* v. *Commissioner of Correction,* 29 Conn. App. 773, 777, 617 A.2d 933 (1992).

"When a guilty plea is induced by promises arising out of a plea bargaining arrangement, fairness requires that such promises be fulfilled by the state. . . . The same concept of fairness ordinarily impels the court, in its discretion, either to accord specific performance of the agreement or to permit the opportunity to withdraw the guilty plea. . . . *State* v. *Niblack,* 220 Conn. 270, 283, 596 A.2d 407 (1991); *State* v. *Reid,* [204 Conn.

52, 58–59, 526 A.2d 528 (1987)]; see also *State* v. *Schaeffer,* 5 Conn. App. 378, 389, 498 A.2d 134 (1985). Our Practice Book § 698 also provides in pertinent part that [i]f the judicial authority rejects the plea agreement, he shall inform the parties of this fact; advise the defendant personally in open court . . . that the court is not bound by the plea agreement; afford the defendant the opportunity then to withdraw his plea, if given; and advise the defendant that if he persists in his guilty plea . . . the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement. Where the word shall is employed in criminal procedural rules, it indicates that the requirements that follow are mandatory rather than directory. *State* v. *Somerville,* 214 Conn. 378, 387, 572 A.2d 944 (1990); *State* v. *Cook,* 183 Conn. 520, 522–23, 441 A.2d 41 (1981). The failure of the trial court to follow the mandatory provisions of the rules of criminal procedure constitutes plain error. *State* v. *Johnson,* 214 Conn. 161, 171 n.10, 571 A.2d 79 (1990); *State* v. *Pina,* 185 Conn. 473, 482, 440 A.2d 962 (1981)." (Citations omitted; internal quotation marks omitted.) *Miller* v. *Commissioner of Correction,* supra, 29 Conn. App. 778–79.

The key element triggering the requirement that the trial court recite the information contained in Practice Book § 698 is that the judicial authority reject the plea agreement. We have held that a rejection occurs where the judicial authority "fail[s] to follow the recommendation of the parties with regard to the sentence to be imposed . . . ." Id., 780. Here, the judicial authority followed the exact recommendation of the parties. The parties informed the sentencing court that the agreement was that the defendant be sentenced to an effective sentence of thirty years. The parties did not, as they had before the court that accepted the plea, refine the agreement further; thus, the sentencing court

imposed the sentence in accordance with the plea agreement as stated to it. Because the judicial authority did not reject the plea agreement, it was not required to recite to the petitioner the information contained in Practice Book § 698.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Since we conclude that the sentencing court did not reject the plea agreement, we need not address the respondent's alternative ground of affirmance that the petitioner has not proven that he had good cause for failing to appeal the claim directly and was prejudiced by the failure to appeal. See *Johnson* v. *Commissioner of Correction,* 218 Conn. 403, 589 A.2d 1214 (1991).