[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS ANDAPPLICATION FOR WAIVER OF FEES AND COSTS
On July 22, 1994 a decision was entered in the above captioned matter terminating the parental rights of the respondent Elizabeth B. On or about August 9, 1994 an application was filed by the court appointed attorney Maureen A. Chmielecki requesting a waiver of fees, costs and security in order to pursue an appeal. In the application counsel for the respondent mother stated that the respondent is indigent and desires to appeal the decision terminating her parental rights. On or about August 18, 1994 the Commissioner of the Department of Children and Families filed a motion to dismiss the application for waiver of fees and costs. CT Page 8809
The basis for the motion to dismiss is that the respondent has failed to comply with Practice Book Section 4017 in that she has failed to provide an affidavit of indigency as required, that the respondent has failed to state sufficient grounds to warrant the expenditure of further judicial resources and that it is contrary to the best interests of these children to grant a waiver under the circumstances i.e. that the litigation should be ended.
The circumstances of the case and of the application are not in controversy. The respondent Elizabeth B. was on October 22, 1991, at the time of the initial neglect petition, an incarcerated person and was at that time indigent. The court appointed counsel for her. At the time of trial neither of the parents appeared for the trial but each was capably represented by court appointed counsel.
Attorney Chmielecki the attorney for respondent mother represents to the court that her office was contacted by Elizabeth B. prior to the May 9th, 1994 trial. Elizabeth B. advised attorney Chmielecki that in the event that the decision was adverse i.e. terminating her parental rights, that Attorney Chmielecki should appeal. Since that communication, prior to the termination of parental rights trial, Attorney Chmielecki has not heard from her client.
It is further undisputed that at the time that court appointed counsel was made in 1991, Elizabeth B. was incarcerated, and at the time of the trial on the merits of the case, May 1994, Elizabeth B. was no longer incarcerated and was likely someplace in Hartford.
Section 4017 of the Practice Book provides, in part, as follows:
 If a party in any case where fees and costs may lawfully be waived is indigent and desires to appeal, that party may, within the time provided by the rules for taking an appeal, make written application to the court to which the fees required by statute or rule are to be paid, for relief from payment of fees, costs and expenses. . . . If the court is satisfied that the applicant is indigent and entitled to an appeal . . . the court may waive CT Page 8810 payment. . . .
Attorney Chmielecki, in an effort to protect her client's rights, filed an application reciting that the respondent was indigent and attached the following affidavit signed only by the attorney; "I hereby certify that the foregoing application is accurate to the best of my knowledge and that respondent mother Elizabeth B. can if requested submit a statement of all assets, liabilities and expenses." That "affidavit" is attached to the application for waiver of fees.
The Practice Book has a financial statement form 501.1 which provides an approved form of financial affidavits. The Juvenile Court provides a separate financial affidavit form JD-JM-3 which is used to determine financial eligibility for proceedings within the Juvenile Court. Neither of these forms was employed with the application for waiver of fees nor was any affidavit filed by ". . that party" i.e. the respondent. Attorney Chmielecki represented to the court that she believed the respondent mother was unemployed but that she, attorney Chmielecki, had no personal knowledge of that fact, nor had the respondent communicated with Attorney Chmielecki following the decision of the court. While it is laudable that court appointed counsel should attempt to vigorously protect the rights of the respondent, the respondent's failure to actively participate in the presentation of her case, her failure to participate in the pursuit of the appeal and her failure to submit the appropriate affidavits regarding waiver of fees, costs and expenses fails to comply with the provisions of Section 4017. "The right to appeal is purely statutory and accorded only if conditions fixed by the statute and the rules of court for taking and prosecuting an appeal are met. Deteves v.Deteves 202 Conn. 292 (1987).
The court further finds that the respondent has failed to use good faith in the pursuit of this appeal by a) her failure to submit to the Department of Children and Families or the Court a plan for the care of these children, b) her failure to appear at the trial of the case, and c) her failure to contact her attorney following the decision in this case.
For the foregoing reasons the application for waiver of fees and costs is hereby denied.
Foley, J. CT Page 8811