JONATHAN MEDLEY *v.* COMMISSIONER
OF CORRECTION
(15086)

Callahan, Borden, Norcott, Katz and Palmer, Js.

---

Argued September 20—decision released November 21, 1995

*Lauren Weisfeld,* assistant public defender, for the appellant (petitioner).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Gerard Eisenman,* assistant state's attorney, for the appellee (respondent).

CALLAHAN, J. On June 6, 1986, before the trial court, *S. Freedman, J.,* the petitioner pleaded guilty to murder in violation of General Statutes § 53a-54a and manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3).[1] The petitioner's underlying plea agreement with the state was that the state would recommend a sentence of thirty years on the count of

---

[1] General Statutes § 53a-54a provides in pertinent part: "(a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . ."

General Statutes § 53a-55 (a) provides in pertinent part: "A person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

murder and a concurrent sentence of fifteen years on the manslaughter count.

On July 18, 1986, the petitioner was sentenced before a different trial court, *Nigro, J.*, than that which had accepted his guilty pleas. After being informed by both the state and defense counsel only that the agreed upon recommendation was a total effective sentence of thirty years and after stating its intention to "impose the sentence recommended and agreed to," the court sentenced the petitioner to thirty years on the murder count and a concurrent twenty year term on the manslaughter count. At the time of sentencing, neither the petitioner nor the state informed Judge Nigro of the discrepancy between the sentence imposed on the manslaughter count and the plea agreement.

Almost seven years later, the petitioner filed this habeas corpus petition seeking to withdraw his guilty pleas pursuant to Practice Book § 698,[2] which allows a defendant to withdraw his or her plea in the event that "the judicial authority rejects the plea agreement" between the state and an accused.[3] The habeas court, *Sferrazza, J.*, dismissed the petition. The Appellate Court affirmed the dismissal, after concluding that the sentencing court, *Nigro, J.*, had not "rejected" the plea agreement as required by § 698. *Medley* v. *Commissioner of Correction*, 35 Conn. App. 374, 646 A.2d 242

---

[2] Practice Book § 698 provides: "If the judicial authority rejects the plea agreement, he shall inform the parties of this fact; advise the defendant personally in open court or, on a showing of good cause, in camera that the court is not bound by the plea agreement; afford the defendant the opportunity then to withdraw his plea, if given; and advise the defendant that if he persists in his guilty plea or plea of nolo contendere, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."

[3] In the habeas court and later in the Appellate Court, the petitioner refused to seek specific performance of his plea agreement. In both courts, the respondent commissioner conceded that the petitioner was entitled to receive the sentence for which he had bargained.

(1994). We granted certification to determine whether, under the circumstances, § 698 required the sentencing court to apprise the petitioner of his right to withdraw his plea.[4] *Medley* v. *Commissioner of Correction*, 231 Conn. 930, 649 A.2d 253 (1994).

There is no dispute between the parties that the sentencing court intended to sentence the petitioner in accordance with his original plea agreement. Judge Nigro stated as much both at the time of sentencing and in a subsequent affidavit submitted to the habeas court. We agree with the Appellate Court that the sentencing court cannot be said to have "reject[ed] the plea agreement" within the meaning of § 698 because the thirty year effective sentence imposed was precisely the sentence that both parties had asked the sentencing court to impose. *Medley* v. *Commissioner*, supra, 35 Conn. App. 378–79. Neither counsel further explained all the terms of the agreement to the sentencing court, either before or after sentencing. The sentencing court cannot be said to have "rejected" the plea agreement because that court "follow[ed] the recommendation of the parties with regard to the sentence to be imposed . . . ." *Miller* v. *Commissioner of Correction*, 29 Conn. App. 773, 780, 617 A.2d 933 (1992).

While we agree that the sentencing court was under no duty to inform the petitioner of the right to withdraw his plea, we would modify the Appellate Court rescript. Under the circumstances of this case, the petitioner was entitled to "specific performance" of his plea agreement; *State* v. *Niblack*, 220 Conn. 270, 283, 596 A.2d 407 (1991); despite the fact that the sentencing court, rather than rejecting the plea agreement within the meaning of § 698, inadvertently imposed a sentence

[4] We certified the following question: "Whether, under the circumstances of this case, the trial court violated Practice Book § 698 by failing to apprise the petitioner that he could withdraw his plea?" *Medley* v. *Commissioner of Correction*, 231 Conn. 930, 649 A.2d 253 (1994).

other than that to which the petitioner had agreed. We consequently remand the case sua sponte for imposition of the agreed upon fifteen year concurrent sentence on the manslaughter count.[5]

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the habeas court with direction to render judgment granting the petition in part and ordering the trial court to resentence the defendant in accordance with the original plea agreement.

In this opinion the other justices concurred.

[5] The petitioner did not seek specific performance of his plea agreement in either the habeas court or the Appellate Court. In the context of a habeas corpus petition, however, the petitioner's rejection of a particular remedy does not alter a court's ability "to remedy fundamental miscarriages of justice." *Summerville* v. *Warden*, 229 Conn. 397, 422, 641 A.2d 1356 (1994).

Under the unique facts of this case, where both the state and the petitioner's counsel simply overlooked the specifics of the plea agreement when presenting the case for sentencing to Judge Nigro, where it is undisputed that Judge Nigro, had he been properly informed, would have imposed the sentence contemplated by the plea agreement, and where the respondent freely concedes that the petitioner is entitled to specific performance, the provision of the habeas corpus statute—that the court dispose of the case "as law and justice require"; General Statutes § 52-470 (a); also requires that he be granted specific performance of the plea agreement, no more and no less.