[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By way of a memorandum of decision filed February 6, 1997 dissolved the named parties' marriage and entered orders affecting not only their interests but also the interests of a third-party defendant, Jennie Finkle. Ms. Finkle wishes to appeal my decision, and toward that end she filed on February 25, 1997 a motion to extend the time within which she might file such an appeal because she "need[ed] additional time to consider the option of an appeal from the judgment". I granted that motion.
That is not the whole of the story, however. First, notice of my action on the third-party defendant's motion to extend was never officially given to the parties. Second, the date upon which I acted on the motion is not correctly recorded in the court file. The motion was granted in chambers, and the file copy of the motion indicates that I did so on February 24. To the best CT Page 7076 of my recollection the motion was not granted until approximately one month later, at about the same time I acted upon a similar motion filed by Ms. Finkle's counsel in another case.[1]
Last, and most important, my grant of the third-party defendant's motion to extend was entered without notice that, on February 27, the defendant had filed an objection to that motion.[2] That objection was not brought to my attention until some weeks after I had acted on the third-party defendant's motion. For that reason alone my previous order granting the motion for extension of time must be, and is vacated.[3]
The defendant's objections to the third-party defendant's motion to extend time are that it was not filed "at least ten days before the expiration of the time limit sought to be extended", P.B. § 4040(c)(4), and that the grounds for an extension do not constitute "good cause". P.B. § 4040(a) This was an action tried over many months in 1996 and involving several legal and factual issues. It occasioned two memoranda of decision, totalling 40 pages, and the third-party defendant's obligations to the defendant were not specified except in the second memorandum filed on February 6, 1997. In this context the third-party defendant's need for additional time to consider the option of an appeal seems like "good cause" to me.
Moreover, it seems entirely possible that the cause for the third-party defendant's extension arose during the ten days immediately preceding the date upon which her appeal was required to be filed. The deliberative process leading to a decision whether or not to appeal cannot easily be compartmentalized into ten-day periods as the defendant argues.
There is, however, a more critical issue which goes to my judicial power or jurisdiction at this point in time to act on the third-party defendant's motion.
Section 4040 of the Practice Book allows the trial judge to extend the time limit provided for filing an appeal beyond the 20-day limit set by Section 4009. "In no event shall the trial judge extend the time for filing an appeal to a date which is more than 20 days from the expiration date of the appeal period." Section 4040(a). Emphasizing the "in no event" language of Section 4040, our Supreme Court has held that "the maximum time within which an appeal can be filed . . . is 40 days." DeTevesv. DeTeves, 202 Conn. 292, 296 (1987). Elsewhere in the same CT Page 7077 opinion the Court makes it clear that the issue is one of judicial power not discretion. "The plain language of [Section 4040] does not provide the trial court with power to extend the time period for filing the appeal more than 20 days from the expiration date of the original appeal period." Id., 298. And, again, ". . . [T]he Practice Book rules do not confer discretion upon the trial judge to enlarge the appeal period more than 20 days from the expiration of the original appeal period." Id.,
299. Applying the holding in DeTeves to this case, it seems clear that my power, as the trial judge, to extend the time for taking an appeal expired 40 days after the judgment or on March 18. Accord: Ambroise v. William Raveis Real Estate, Inc.,226 Conn. 757, 762-63 (1993).
For that reason, and that reason alone, I must deny the third-party defendant's motion for an extension of time to file her appeal.
The third-party defendant is not left without recourse by my decision, which is reviewable pursuant to Section 4053 of the Practice Book. In addition, Section 4183 of the Practice Book specifically empowers the Appellate Court, upon motion of any party, to "order that a party for good cause shown may file a late appeal".
SHORTALL, J.