[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The signed writ summons and complaint in this case, bearing a return date of August 14, 2001, was filed with the clerk of this court by the plaintiff, Pompeian, Inc., on August 13, 2001, not six days before the return date, as required by General Statutes § 52-46a.[1] The defendant, Promotional Market Research Systems, Inc., has filed motion #108 seeking to dismiss this action because of the untimely return of process to court.
The plaintiff has moved (#113) to amend the return date to August 28, 2001, which, if granted, would cure the error in not returning the writ to court at least six days before the original return date. Such a motion is authorized by General Statutes § 52-72 (a),[2] and is granted. Hence, the defendant's motion #108 to dismiss is denied.
The defendant also flied a second motion to dismiss, #109, based on General Statutes § 52-278j (a), which requires that after a prejudgment remedy (PJR) has been granted, the writ, summons and complaint must be returned to court and filed with the clerk within thirty days thereafter.[3] The defendant claims that the filing of the writ, summons and complaint by the plaintiff with the clerk on Monday, August 13, 2001, was "32 days after the date on which the Prejudgment Remedy was granted." Accordingly, the defendant seeks to dismiss the action based on an untimely return of process to court.
The defendant argues that Judge Karazin's PJR order was issued July 12, 2001, and therefore the writ, summons and complaint had to be filed with the clerk by Friday, August 10, 2001. However, the plaintiff contends that July 13, 2001 is the date that notice of the issuance of the PJR order was sent to counsel. Therefore, the plaintiff argues that the last day to file the writ, summons and complaint was on Sunday, August 12, 2001, and filing on the next day that the court was open, Monday, August 13, was proper and timely pursuant to General Statutes § 51-347c[4] and Practice Book § 7-17.[5]
Hence, the issue is, when is the starting date for counting proper and timely return of the writ, summons and complaint, July 12 or July 13, 2001. The clerk did note on the PJR order that "all parties . . . CT Page 3383 notified 7/12/01." The computer notice from the court, however, indicates that "notice issued 7/13/01." In the court's view, it really does not make any difference whether notice was sent out on either the 12th or the 13th of July, because the former would require filing the writ, summons and complaint on a Saturday, August 11, 2001, and the latter on a Sunday, August 12, 2001. In either event, General Statutes § 51-347c
and Practice Book § 7-17 permit the filing of the writ, summons and complaint on the first day that the court is next open, which was Monday, August 13, 2001. This is the date when the papers were in fact filed.
The defendant argues that the first day that must be counted is the date that the defendant claims that notice of the court order was sent out, i.e., on Thursday, the 12th of July, which would make the thirtieth day fall on Friday, August 10, 2001. "The general rule is that where a period of time is to be calculated from a particular date or event, the day of such event is excluded from the computation," DeTevesv. DeTeves, 202 Conn. 292, 297 n. 7, 520 A.2d 608 (1987). For this reason, the thirty days referred to in General Statutes § 52-278j (a) began to run on Friday, July 13, 2001, and the thirtieth day fell on Saturday, August 11, 2001.
Although not in its original motions to dismiss, the defendant also argues that the plaintiff failed to comply with General Statutes §52-48 (b), which provides in relevant part that: "[a]ll process shall be made returnable not later than two months after the date of process. . . ." In support of this argument, the defendant claims that the "date of process" was June 6, 2001, when the application for a PJR was first filed in court. Thus, according to this theory, the last day to return the writ, summons and complaint was August 6, 2001, well before such papers were actually filed in court.
This argument by the defendant does not take into account that there is a lapse of time between filing an application for a PJR and its actual scheduling on a calendar for a hearing before a judge. Furthermore, the argument also does not account for the fact that this type of hearing is often postponed. Most importantly, the argument does not acknowledge that a judge has 120 days to file an opinion on an application for a PJR, which begins to run only after the last brief has been filed. If the defendant's theory that the "date of process" starts with the date of the application for a PJR, a great many of such applications would fail well before a decision was even rendered on whether a PJR should be granted. The "date of process" realistically should be the date that notice of a judge's decision on the PJR is issued to the parties. Here, the "date of process" was either July 12 or July 13, 2001. CT Page 3384
The plaintiff adds an additional plausible argument in support of timely and proper service by pointing out that, on June 6, 2001, the plaintiff presented an unsigned writ, summons and complaint to the court. Such an event should not be considered the date of process. The plaintiff argues that the "date of process" is when the signed writ, summons and complaint were served on the defendant, in this case, July 27, 2001. Whether that is the date of process, or whether the date when the court issued notice of the PJR order is the date of process, does not matter in this present action because in either event the return of process will be made well within the requirements of General Statutes § 52-48 (b).
Accordingly, the defendant's two motions to dismiss are therefore denied, and the plaintiffs motion to amend the return date is granted.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of March, 2002.
 ___________________ William B. Lewis, Judge T.R.