STATE OF CONNECTICUT *v.* PAUL ANGELL
(12359)

LANDAU, SPEAR and FREEDMAN, Js.

Argued September 19—decision released December 20, 1994

*R. Jeffrey Lyman* and *Patricia E. McCooey,* with whom, on the brief, was *Linda L. Morkan,* for the appellant (defendant).

*Pamela S. Meotti,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *James Turcotte,* assistant state's attorney, for the appellee (state).

SPEAR, J. The defendant appeals from the judgment of conviction of sexual assault in the second degree and risk of injury to a child in violation of General Statutes §§ 53a-71[1] and 53-21[2] respectively. He claims that the trial court improperly (1) permitted the state to introduce constancy of accusation evidence, (2) refused to instruct the jury on the credibility of a child witness, and (3) abused its discretion by refusing to give a missing witness jury instruction.[3] We affirm the trial court's judgment.

The jury reasonably could have found the following facts. The nine year old victim[4] lived with her family in Wallingford. One night during the late spring or early summer of 1989, the victim spent the night at the apartment of Karen and Michael Gaube. She went to sleep on the couch in the living room, but was awakened at

---

[1] General Statutes (Rev. to 1989) § 53a-71 (a) provides in pertinent part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such person is (1) under sixteen years of age . . . ."

[2] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[3] This jury instruction is known as a *Secondino* charge. See *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 145 A.2d 598 (1960).

[4] The victim was thirteen years old when she testified at trial.

approximately 1 a.m. because the defendant[5] was touching her between her legs. Approximately thirty minutes later, the defendant took the victim into a bedroom. He told the victim to pull down her pants because he wanted to lick her private parts when he returned from the bathroom. While the defendant was in the bathroom, the victim went back into the living room where Karen Gaube and one of her children were sleeping. The victim positioned herself on the floor between them and the wall, and fell asleep.

After the defendant and Michael Gaube left the apartment the following morning, the victim told Karen Gaube what had occurred during the night. Karen then took the victim home where she related the events to her father and later to her mother. The victim's parents did not notify the police because the father intended to "take care of" the defendant himself.

In December, 1990, the victim's fifth grade teacher read about the incident in the victim's school journal. After speaking to the victim about the journal entry, the teacher notified another teacher, the school nurse and the principal. On December 13, 1990, the victim's father notified Officer Thomas Francolo of the Wallingford police department of the incident, and, on January 10, 1991, Detective Patricia Miranda interviewed the victim. The defendant was thereafter arrested, prosecuted and convicted.

I

The defendant first asserts that the trial court improperly admitted constancy of accusation evidence. He claims that the admission of the victim's journal entry, her statement to Miranda, and the testimony of Karen Gaube and the victim's parents violated his right

[5] The defendant, Karen Gaube's brother-in-law, was spending the night at the Gaube apartment.

to confront witnesses under the sixth amendment to the United States constitution.

Before we address the merits of the defendant's claims, we must determine whether they were properly preserved. We turn first to the journal entry and Miranda's testimony. At trial, the defendant objected to the admissibility of the victim's statement to Miranda and the journal entry on evidentiary grounds.[6] On appeal, the defendant did not brief the evidentiary claims asserted at trial, but instead raised a constitutional basis for his objection. Pursuant to Practice Book § 288,[7] an objecting party must state the grounds on which an objection is taken. See *State* v. *Harrison*, 34 Conn. App. 473, 482, 642 A.2d 36, cert. denied, 231 Conn. 907, 648 A.2d 157 (1994). As in *Misiurka* v. *Maple Hill Farms, Inc.*, 15 Conn. App. 381, 544 A.2d 673, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988), the defendant's failure to make the confrontation claim in the trial court denied that court "an opportunity to reexamine its ruling at a time when it could still be modified and any defect cured." Id., 385.

---

[6] The defendant raised the following objection to Miranda's testimony: "Judge, the witness, the victim, alleged victim, in this case has already testified. Her testimony is the best evidence. This officer prepared reports. She can testify from her recollection of what she remembers. If there is anything she doesn't remember from her reports, her memory can be refreshed and recollected. There is absolutely no purpose to admitting the statement of the alleged victim in this case, and I can only assume that the claim is going to be by Attorney Turcotte that this statement is going to constancy of accusation." The defendant's objection to the journal entry was: "My exception is under the rule of completeness as well as my other objections . . . ."

[7] Practice Book § 288 provides in pertinent part: "Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as counsel desires it to go upon the record . . . ." Section 288 should be read in conjunction with Practice Book § 4185, which provides in pertinent part: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ."

The defendant's reliance on a footnote in *State* v. *Bethea,* 24 Conn. App. 13, 585 A.2d 1235, cert. denied, 218 Conn. 901, 588 A.2d 1076 (1991), is misplaced. In *Bethea,* this court held that when the defendant objected to a police officer's relating what he had been told by the victim of a sexual assault, an objection to the admission of a tape recording of that interview on "essentially the same" grounds adequately preserved the constancy of accusation claim as to the tape recording. In *Bethea,* we rejected the state's claim that admission of the tape recording should not be reviewed because the defendant neither submitted a proposed jury instruction to limit the use of the evidence for corroboration nor objected to the limiting instruction given by the court. Our review in *Bethea* included "the subissues of whether that matter involved a hearsay exception or corroboration of a prior statement of the victim." Id., 17 n.2. We ruled that those subissues, relating only to the *nature* of constancy evidence, were sufficiently subsumed within the defendant's objection to allow review. That ruling is not authority for the proposition that the evidentiary objection here preserved a completely unarticulated constitutional claim. As the trial court had no opportunity to rule on the confrontation issue, the journal and Miranda's testimony were not properly preserved for appellate review.

We next address the question of whether these claims, as well as the concededly unpreserved claims as to the constancy testimony of Karen Gaube and the victim's parents are reviewable under *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). In *Golding,* the Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude

alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id.

"The first two conditions are determinations of whether a defendant's claim will be reviewed, and the third condition involves a review of the claim itself. *Wilson* v. *Cohen,* 222 Conn. 591, 603, 610 A.2d 1177 (1992); *State* v. *Graham,* 33 Conn. App. 432, 442, 636 A.2d 852 (1994); see also *State* v. *Thurman,* 10 Conn. App. 302, 306, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987)." *State* v. *Smith,* 35 Conn. App. 51, 55, 644 A.2d 923 (1994); *State* v. *Crosby,* 34 Conn. App. 261, 264, 641 A.2d 406, cert. denied, 230 Conn. 903, 644 A.2d 916 (1994).

Although the record is adequate to review the confrontation claims and they are of constitutional magnitude, we conclude that the defendant's claim founders on the third prong of *Golding* because the alleged violation does not clearly exist.

The defendant relies on *White* v. *Illinois,* 502 U.S. 346, 112 S. Ct. 736, 116 L. Ed. 2d 848 (1992), for the proposition that Connecticut's constancy of accusation hearsay exception is not "firmly rooted" enough to withstand a sixth amendment confrontation clause challenge. In *White,* the victim, who was four years old at the time of trial, never testified because she experienced emotional difficulties each time she was brought into the courtroom. The child's mother, a babysitter, a police officer, an emergency room nurse and a physician were all allowed to relate the child's statements describing the assault. The testimony was admitted under the "spontaneous declaration" and "statements made in the course of seeking medical treatment"

exceptions to the hearsay rule. The issue in that case was "whether the Confrontation Clause of the Sixth Amendment requires that, before a trial court admits testimony under the 'spontaneous declaration' and 'medical examination' exceptions to the hearsay rule, the prosecution must either produce the declarant at trial or the trial court must find that the declarant is unavailable." Id., 348–49. The Supreme Court affirmed the Illinois Appellate Court's holding that such procedures are not constitutionally required.

The petitioner in *White* made no claim that, had the victim testified, the other testimony would, nevertheless, have violated the confrontation clause. The defendant here does not rely on the holding in *White,* but rather asserts that a footnote[8] in the opinion mandates a reversal here. He claims that the *White* footnote dictates that only "firmly rooted" exceptions to the hearsay rule are considered sufficiently reliable to satisfy the reliability requirement of the confrontation clause and that Connecticut's constancy of accusation doctrine meets none of the criteria laid down in the footnote for

---

[8] The footnote in *White* states: "Indeed, it is this factor that has led us to conclude that 'firmly rooted' exceptions carry sufficient indicia of reliability to satisfy the reliability requirement posed by the Confrontation Clause. See *Idaho* v. *Wright,* 497 U.S. 805, 817, [820–21, 110 S. Ct. 3139, 111 L. Ed. 2d 638] (1990); *Bourjaily* v. *United States,* 483 U.S. 171, [182–84, 107 S. Ct. 2775, 97 L. Ed. 2d 144] (1987). There can be no doubt that the two exceptions we consider in this case are 'firmly rooted.' The exception for spontaneous declarations is at least two centuries old, see 6 J. Wigmore, Evidence, § 1747, 195 (J. Chadbourn rev. 1976), and may date to the late 17th century. See *Thompson* v. *Trevanion,* 90 Eng. Rep. 179 (K.B. 1694). It is currently recognized under Federal Rule of Evidence 803 (2), and in nearly four-fifths of the States. See Brief for State of California et al. as Amici Curiae 15–16, n.4 (collecting state statutes and cases). The exception for statements made for purposes of medical diagnosis or treatment is similarly recognized in the Federal Rule of Evidence 803 (4), and is equally widely accepted among the States. See Brief for State of California et al. as Amici Curiae 31–32, n. 13 (same)." *White* v. *Illinois,* supra, 502 U.S. 355–56 n.8.

determining whether a hearsay exception is "firmly rooted." We disagree.

In *Idaho* v. *Wright,* 497 U.S. 805, 817, 110 S. Ct. 3139, 111 L. Ed. 2d 638 (1990), the United States Supreme Court stated: "Admission under a firmly rooted hearsay exception satifies the constitutional requirement of reliability *because of the weight accorded long standing judicial* and legislative *experience* in assessing the trustworthiness of certain types of out-of-court statements." (Emphasis added.) In Connecticut, constancy of accusation evidence is indeed a long standing exception to the hearsay rule. In *State* v. *Kelley,* 229 Conn. 557, 563–64, 643 A.2d 854 (1994), our Supreme Court rejected the defendant's claim that constancy testimony did not fall within a recognized hearsay exception. In *State* v. *Bethea,* supra, 24 Conn. App. 18, this court stated: "The constancy of accusation doctrine has its origin in the common law. Since 1876, statements admitted under the constancy of of accusation theory have been labeled by Connecticut courts as exceptions to the hearsay rule . . . ."

Our Supreme Court has recently rejected a sixth amendment confrontation clause challenge to constancy of accusation testimony. *State* v. *Kelley,* supra, 229 Conn. 557. In explaining why the constancy doctrine did not offend the confrontation clause, the *Kelley* court stated: "In approving the admission of constancy of accusation testimony, we have explained that it would be natural for the victim of actual or attempted sexual assault to relate the incident to others if it had actually happened, but not if the incident had not occurred. Similarly, the victim's recitation of the details of the incident would likely be consistent if the claim were true, but discrepancies would be more likely to appear if the incident had not occurred." Id., 565–66. The court went on to say that "[r]ather than disadvantaging a defendant, such a doctrine supplies a fertile

field for cross-examination of a complainant with reference to ascertaining where the truth lies. . . . In addition to providing additional information on which the defendant can cross-examine the victim, the defendant can cross-examine the constancy of accusation witnesses." (Citations omitted; internal quotation marks omitted.) Id., 566.

Numerous Connecticut Supreme and Appellate Court decisions have allowed such constancy evidence over a span of 164 years. From *State* v. *De Wolf*, 8 Conn. 92 (1830), through *State* v. *Kelley*, supra, 229 Conn. 557, our courts have upheld the admission of constancy of accusation testimony. See *State* v. *Kinney*, 44 Conn. 153 (1876); *State* v. *Orlando*, 115 Conn. 672, 163 A. 256 (1932); *Pierzanowski* v. *Jezewski*, 116 Conn. 704, 164 A. 207 (1933); *State* v. *Purvis*, 157 Conn. 198, 251 A.2d 178, cert. denied, 395 U.S. 928, 89 S. Ct. 1788, 23 L. Ed. 2d 246 (1969); *State* v. *Savage*, 161 Conn. 445, 290 A.2d 221 (1971); *State* v. *Parris*, 219 Conn. 283, 592 A.2d 943 (1991); *State* v. *Bethea*, supra, 24 Conn. App. 13.

Our review of the history of constancy of accusation evidence leads us to conclude that such evidence is indeed a firmly rooted hearsay exception. As such, constancy evidence satisfies the reliability requirement of the sixth amendment confrontation clause for the reasons laid out in *State* v. *Kelley*, supra, 229 Conn. 557. Under the circumstances here, a ruling by this court that the subject constancy evidence violated the confrontation clause would be contrary to the *Kelley* holding. As we are bound by Supreme Court precedents, we cannot rule contrary to *Kelley*. *State* v. *Cecarelli*, 32 Conn. App. 811, 826 n.1, 631 A.2d 862 (1993); *Greger* v. *Greger*, 22 Conn. App. 596, 599, 578 A.2d 162, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990); *State* v. *Napoleon*, 12 Conn. App. 274, 282, 530 A.2d 634, cert.

denied, 205 Conn. 809, 532 A.2d 78 (1987); *Gibbs* v. *Mase*, 11 Conn. App. 289, 290 n.1, 526 A.2d 7 (1987).

## II

The defendant next claims that the trial court abused its discretion by failing to instruct the jury on the credibility of a child witness. He argues that this issue is reviewable on the basis of an exception taken immediately after the jury charge or, in the alternative, under *Golding.*

We will not review this claim because the defendant failed to comply with Practice Book § 852.[9] There was no written request to charge on the credibility of a child witness and the defendant's exception immediately following the charge is unavailing.[10] The defendant's argument that the claim is preserved by the exercise of either option as set forth in Practice Book § 852 was rejected in *State* v. *Frye,* 26 Conn. App. 472, 478, 602 A.2d 601, rev'd on other grounds, 224 Conn. 253, 617 A.2d 1382 (1992). We said in *Frye* that "Practice Book § 852 applies only where the trial court has misstated the applicable law or where there is ambiguity in the jury charge. It does not apply where there is a failure to instruct on something that was never requested in writing prior to the jury instructions. It cannot be used to cure a failure to file a written request to charge." Id. As there was no written request here, the exception after the charge is ineffective under *Frye.*

A *Golding* review is unavailable because the second prong of the test is not satisfied. For an unpreserved

---

[9] Practice Book § 852 provides in pertinent part: "The [Appellate Court] shall not be bound to consider error as to the giving of, or failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. . . ."

[10] The exception was phrased as follows: "I take, first, exception as to the court not giving the jury a charge on the credibility of a child witness."

claim to be reviewed by this court, the appellant must show that "the claim is of constitutional magnitude alleging the violation of a fundamental right." *State* v. *Golding,* supra, 213 Conn. 239. Our courts have held that a child witness instruction is not constitutionally mandated, but is within the trial court's discretion to give. See *State* v. *James,* 211 Conn. 555, 571, 560 A.2d 426 (1989); see also *State* v. *Hayes,* 20 Conn. App. 737, 749, 570 A.2d 716, cert. denied, 215 Conn. 802, 574 A.2d 218 (1990). "The prevailing view . . . is that a trial judge retains discretion to determine whether the jury should receive a special instruction with respect to the credibility of a young witness, and, if so, the nature of that instruction." *State* v. *James,* supra, 567–68, quoting *Commonwealth* v. *Avery,* 14 Mass. App. 137, 141, 437 N.E.2d 242 (1982). The defendant cannot show that the failure to give a child witness charge was of constitutional magnitude, therefore, his claim is not reviewable under *Golding.*

## III

The defendant's final claim is that the trial court improperly refused to give the jury a missing witness instruction. In order to be entitled to a review of a missing witness instruction, a defendant is required to file a written request to charge or take an exception immediately after the charge is delivered. Practice Book § 852.[11]

The defendant acknowledges that no written request to charge was submitted on this issue, but contends that his exception, which was taken immediately after the trial court's denial of his oral request, preserved the claim. He claims that *State* v. *Kish,* 186 Conn. 757, 770, 443 A.2d 1274 (1982), supports his position. We are unpersuaded. In *Kish,* an exception was taken after the court delivered its charge, even though no written

---

[11] See footnote 8.

request for a *Secondino* charge had been filed. *Kish* is distinguishable from this case because here the defendant did not take an exception *after* the charge.

This court has previously rejected the argument that a discussion with the court prior to the charges obviates the need to follow the rules. "[We are not] persuaded by the defendant's contention that an in-court discussion of whether the missing witness charge was warranted, held immediately before the court's charge to the jury, is an acceptable alternative to the rules of practice. First, the rules of practice do not give oral argument as an alternative to a written request to charge. Second, the purpose of the provision, that attorneys help rather than hinder the trial court in its determination of whether a particular instruction should be given . . . is not well served by oral argument." (Citation omitted.) *State* v. *Ramirez,* 16 Conn. App. 284, 289, 547 A.2d 549, cert. denied, 209 Conn. 828, 552 A.2d 434 (1988). "It is well established that [t]he ever increasing refinement of our law justifies the cooperation of counsel in stating requests for jury instructions, and this cooperation is mandated, at least to the extent of substantial compliance with Practice Book § 852. The minor burden of cooperation imposed by this section is neither unreasonable nor novel." Id., 288, quoting *State* v. *McIntosh,* 199 Conn. 155, 160–61, 506 A.2d 104 (1986). As the defendant neither filed a written request to charge nor took an exception after the charge was given, the claim was not preserved. Accordingly, we decline review.

The judgment is affirmed.

In this opinion the other judges concurred.