## STATE OF CONNECTICUT v. PAUL ANGELL (15206)

Peters, C. J., and Callahan, Borden, Berdon, Norcott, Katz and Palmer, Js.

---

Argued October 27, 1995—officially released June 11, 1996

*R. Jeffrey Lyman,* special public defender, with whom were *Patricia E. McCooey* and *Bradford Babbitt,* special public defenders, and, on the brief, *Linda L. Morkan,* special public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, *James Turcotte,* assistant state's attorney, and *Pamela S. Meotti,* former deputy assistant state's attorney, for the appellee (state).

PALMER, J. A jury convicted the defendant, Paul Angell, of sexual assault in the second degree in violation of General Statutes (Rev to 1989) § 53a-71 (a) (1)[1] and risk of injury to a child in violation of General

---

[1] General Statutes (Rev. to 1989) § 53a-71 provides in relevant part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age . . . ."

Statutes (Rev. to 1989) § 53-21.[2] The defendant appealed from the judgment of conviction to the Appellate Court, which affirmed the judgment of the trial court. *State* v. *Angell*, 36 Conn. App. 383, 651 A.2d 263 (1994). We granted the defendant's petition for certification limited to the following issues: (1) "Whether the Appellate Court was correct in concluding that the defendant's federal constitutional rights of confrontation were not violated when the trial court admitted into evidence constancy of accusation testimony?" and (2) "Whether the Appellate Court was correct in concluding that the defendant's exception to the trial court's failure to instruct the jury on the credibility of a child witness was inadequate to preserve the issue for appeal?" *State* v. *Angell*, 232 Conn. 915, 655 A.2d 259 (1995). We affirm the judgment of the Appellate Court.

The facts that the jury reasonably could have found are set forth in the opinion of the Appellate Court. "The nine year old victim[3] lived with her family in Wallingford. One night during the late spring or early summer of 1989, the victim spent the night at the apartment of Karen and Michael Gaube. She went to sleep on the couch in the living room, but was awakened at approximately 1 a.m. because the defendant[4] was touching her between her legs. Approximately thirty minutes later, the defendant took the victim into a bedroom. He told the victim to pull down her pants because he

---

[2] General Statutes (Rev. to 1989) § 53-21 provides: "Injury or risk of injury to, or impairing morals of, children. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[3] "The victim was thirteen years old when she testified at trial." *State* v. *Angell*, supra, 36 Conn. App. 384 n.4.

[4] "The defendant, Karen Gaube's brother-in-law, was spending the night at the Gaube apartment." *State* v. *Angell*, supra, 36 Conn. App. 385 n.5.

wanted to lick her private parts when he returned from the bathroom. While the defendant was in the bathroom, the victim went back into the living room where Karen Gaube and one of her children were sleeping. The victim positioned herself on the floor between them and the wall, and fell asleep.

"After the defendant and Michael Gaube left the apartment the following morning, the victim told Karen Gaube what had occurred during the night. Karen then took the victim home where she related the events to her father and later to her mother. The victim's parents did not notify the police because the father intended to 'take care of' the defendant himself.

"In December, 1990, the victim's fifth grade teacher read about the incident in the victim's school journal. After speaking to the victim about the journal entry, the teacher notified another teacher, the school nurse and the principal. On December 13, 1990, the victim's father notified Officer Thomas Francolo of the Wallingford police department of the incident, and, on January 10, 1991, Detective Patricia Miranda interviewed the victim. The defendant was thereafter arrested, prosecuted and convicted."[5] *State* v. *Angell*, supra, 36 Conn. App. 384–85.

The defendant appealed from the judgment of conviction to the Appellate Court, claiming, inter alia, that the trial court improperly: (1) permitted the admission into evidence of constancy of accusation testimony in violation of his rights under the confrontation clause of the sixth amendment to the United States constitution;[6] and (2) refused to give the jury a supplemental instruction

---

[5] The defendant was sentenced to concurrent prison terms of ten years, execution suspended after seven years, on the two counts.

[6] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."

on the credibility of a child witness. The Appellate Court concluded, first, that the defendant's constitutional claim was foreclosed by our recent decision in *State* v. *Kelley*, 229 Conn. 557, 643 A.2d 854 (1994), and, second, that the defendant was not entitled to review of his claim of instructional impropriety because he had failed properly to preserve that claim for appeal. We agree with the Appellate Court that the defendant's constitutional claim is without merit. Although we disagree with the determination of the Appellate Court that the defendant's claim of instructional error was not preserved, we conclude that the trial court did not abuse its discretion in failing to give a supplemental jury charge on child credibility. Accordingly, we affirm the judgment of the Appellate Court.

I

The defendant first maintains that the introduction of constancy of accusation evidence[7] violated his rights under the confrontation clause of the sixth amendment to the United States constitution. In *State* v. *Troupe*, 237 Conn. 284, 677 A.2d 917 (1996), we have today considered and rejected the precise claim raised by the defendant in this appeal, concluding that the federal confrontation clause is not violated by testimony properly admitted into evidence under the constancy of

---

[7] The victim reported the sexual assault to her parents and to Karen Gaube on the day of the incident. Approximately two years after the assault, the victim described the incident in a journal that she had prepared for school. Her teacher, upon reading the journal entry, contacted the victim's parents, who then reported the sexual assault to the police. The victim thereafter provided the police with a statement about the incident. At trial, the victim described the sexual assault and identified each of the individuals to whom she had reported the crime. The victim's parents and Karen Gaube subsequently testified concerning the details of the victim's complaint. Also admitted into evidence was the pertinent entry from the victim's journal and her statement to the police. In its instructions to the jury, the trial court properly explained that the constancy of accusation evidence was admissible for corroborative purposes only.

accusation doctrine because such testimony is not admissible unless the victim testifies in court, and is therefore subject to cross-examination. Id., 292–93. The defendant's sixth amendment claim is, therefore, without merit.

## II

The defendant also contends that the Appellate Court improperly refused to review his claim of instructional error on the ground that the claim was not preserved for appeal because it had not been properly raised in the trial court. Although we agree with the defendant that the Appellate Court should have considered his claim, we reject the claim on the merits.

The following additional facts and procedural history are necessary to our resolution of this issue. The trial court, after completing its charge to the jury at the conclusion of the evidence, inquired whether the state or the defendant had any objections to the charge. The defendant objected to the trial court's failure to instruct the jury on the credibility of a child witness and the court noted the defendant's exception.[8] The trial court provided no explanation for its decision not to give such an instruction and the defendant did not request one. Finally, it is undisputed that the defendant had not submitted a request to charge on the issue of child credibility.

The Appellate Court concluded that the defendant's objection to the charge was insufficient to preserve the issue for appeal because he had failed to comply with Practice Book § 852.[9] Quoting from its decision in *State*

---

[8] The trial court's jury charge included a comprehensive general instruction on the credibility of witnesses.

[9] Practice Book § 852 provides in relevant part that a reviewing court "shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after

v. *Frye*, 26 Conn. App. 472, 478, 602 A.2d 601 (1992), rev'd on other grounds, 224 Conn. 253, 617 A.2d 1382 (1993), the Appellate Court stated that § 852 " 'applies only where the trial court has misstated the applicable law or where there is ambiguity in the jury charge. It does not apply where there is a failure to instruct on something that was never requested in writing prior to the jury instructions. It cannot be used to cure a failure to file a written request to charge.' " *State* v. *Angell*, supra, 36 Conn. App. 392.

The defendant asserts that his claim of instructional impropriety was properly preserved by virtue of his timely exception to the trial court's failure to instruct the jury on the issue of child credibility. We agree.

"The rules of statutory construction apply with equal force to Practice Book rules." (Internal quotation marks omitted.) *State* v. *Genotti*, 220 Conn. 796, 807, 601 A.2d 1013 (1992). Thus, in attempting to discern the meaning of a particular section of our Practice Book, we look first to the language of the provision. See *State* v. *Breton*, 235 Conn. 206, 251, 663 A.2d 1026 (1995). In so doing, "[w]e construe words used in the Practice Book according to their commonly approved meaning." *Lo Sacco* v. *Young*, 210 Conn. 503, 507, 555 A.2d 986 (1989). If the language of the provision is clear and unambiguous, we will interpret it in accordance with its plain meaning absent a compelling reason to the contrary. See *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 195, 663 A.2d 1001 (1995). Finally, rules of criminal procedure, like penal statutes, "are to be strictly construed to protect the fundamental constitutional right to liberty." *State* v. *Cook*, 183 Conn. 520, 522, 441 A.2d 41 (1981).

The Appellate Court's conclusion that § 852 " 'applies only where the trial court has misstated the applicable

---

the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. . . ."

law or where there is an ambiguity in the jury charge' " is inconsistent with the plain language of that section. There is nothing in the wording or phraseology of § 852 to support the conclusion that the rule applies to certain types of alleged instructional improprieties but not to others. Moreover, we see no overriding reason to limit the scope of the rule, the purpose of which is simply "to alert the court to any claims of error while there is still an opportunity for correction in order to avoid the economic waste and increased court congestion caused by unnecessary retrials. . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Fullwood*, 193 Conn. 238, 259, 476 A.2d 550 (1984).

The state, however, suggests that a literal interpretation of § 852 will discourage the submission of requests to charge by defendants because, under such a construction, a claim of instructional error may be preserved without filing a requested jury instruction. We do not subscribe to this view. The state and the defendant share responsibility for providing the trial court with requests to charge that are tailored to the facts and issues of a particular case. By discharging that responsibility, the parties not only render important assistance to the trial court, but also maximize their "opportunity to shape the charge which is given." J. Fitzgerald & R. Yules, 6 Connecticut Practice Series: Trial Practice (1987) § 10.12, p. 299. Moreover, a party who fails to file a request to charge and then seeks a supplemental instruction after the trial court has already charged the jury runs the risk that the court will decline the request on the ground that the instruction would place undue emphasis on the belatedly raised issue. We do not believe, therefore, that the rule as written will discourage parties from filing requests to charge.

The state also contends that the ruling of the Appellate Court may be upheld on the alternate ground that a claim of instructional error is not properly preserved under § 852 unless the party making the claim has sub-

mitted a written request to charge *and* has raised a timely objection to the charge. We disagree.

Section 852 is phrased in the disjunctive rather than the conjunctive. Although we have, on occasion, construed "or" to mean "and"; see, e.g., *D'Occhio* v. *Connecticut Real Estate Commission*, 189 Conn. 162, 170, 455 A.2d 833 (1983); we do so only when "such construction clearly appears to have been the [drafters'] intent." Id. The state, however, points to nothing in the language or the context of § 852 to warrant such an interpretation. Moreover, on those occasions when we have had reason to refer to the requirements of § 852, we have consistently characterized that provision as affording two alternate means for preserving a claim of instructional error. See, e.g., *State* v. *Jones*, 234 Conn. 324, 354 n.21, 662 A.2d 1199 (1995) ("§ 852 requires a written request to charge *or* an exception to be taken by the party appealing immediately after the charge is delivered" [emphasis added]); *State* v. *Jeffrey*, 220 Conn. 698, 715, 601 A.2d 993 (1991), cert. denied, 505 U.S. 1224, 112 S. Ct. 3041, 120 L. Ed. 2d 909 (1992) ("[t]he defendant's failure to request such a limiting instruction *or* to take exception to the charge . . . makes [his] claim unreviewable [under] § 852" [emphasis added]); see also W. Moller & W. Horton, 1 Connecticut Practice Series: Practice Book Annotated—Superior Court Civil Rules (3d Ed. 1989) § 315, p. 501, comment ("[l]itigants can preserve their appellate rights concerning the judge's charge to the jury *either* by filing written requests to charge . . . *or* by orally excepting to the charge." [emphasis added]; construing materially identical precursor of § 852); 2 E. Stephenson, Connecticut Civil Procedure (Sup. 1981) § 197 (b), p. S318 ("the trial court must be made aware of a party's claims concerning the jury charge *either* through written requests to charge *or* exceptions to the charge made immediately after its delivery" [emphasis added]; also

construing precursor of § 852). We are not persuaded, therefore, that we should adopt the interpretation of § 852 urged by the state.

"The Appellate Court's [mistaken interpretation of § 852] does not, however, obviate a consideration of the merits of the defendant's claim [that the trial court improperly refused to instruct the jury on the credibility of a child witness]. Although we could remand this issue to the Appellate Court, we have decided to address the merits ourselves. Because we have before us the same record upon which the Appellate Court would have to act, and because the issue has been fully briefed, we agree with the [defendant] that a final resolution of the defendant's appeal will best serve the interests of judicial economy." *State* v. *Hamilton*, 228 Conn. 234, 246, 636 A.2d 760 (1994).

In *State* v. *James*, 211 Conn. 555, 567–68, 560 A.2d 426 (1989), we adopted " '[t]he prevailing view . . . that a trial judge retains discretion to determine whether the jury should receive a special instruction with respect to the credibility of a young witness, and, if so, the nature of that instruction.' " In so doing, we noted the "difficulty in fixing an age when such an instruction would be necessary," and expressed concern that singling out " 'the testimony of the child witness for special scrutiny may infringe upon the jury's exclusive role as arbiter of credibility.' " Id., 568. We also observed that "the [child credibility] instruction requested by the defendant was not for the statement of any rule of law but for a cautionary comment upon the evidence. We have frequently referred to the broad discretion of a trial court in commenting upon the evidence. *Logan* v. *Greenwich Hospital Assn.*, 191 Conn. 282, 297, 465 A.2d 294 (1983); *Bruneau* v. *Quick*, 187 Conn. 617, 628–29, 447 A.2d 742 (1982); *State* v. *DeMatteo*, 186 Conn. 696, 705, 443 A.2d 915 (1982). 'The degree to which reference to the evidence may be [made] necessary lies largely in the discretion of the court.' *State* v. *Vincenzo*, 171

Conn. 240, 244, 368 A.2d 219 (1976)." *State* v. *James,* supra, 571. We then concluded that the trial court had not abused its discretion in refusing to instruct the jury concerning the credibility of the two child witnesses, each of whom was twelve years old at the time of trial.[10] Id.

The defendant in this case has similarly failed to establish that the trial court's refusal to grant his request for a child credibility instruction constituted an abuse of discretion. The victim, although only nine years old when the offense occurred, had attained the age of thirteen by the time of trial. In view of the age of the victim—who, we note, was one year older than either of the two child witnesses in *James*—we see no reason to second guess the trial court's determination that the requested charge was not necessary. This conclusion is buttressed by the fact that because the defendant failed to submit an appropriate request to charge, the trial court would have been required to deliver a separate, supplemental instruction on child credibility, an instruction that might well have unfairly highlighted the issue for the jury.[11]

---

[10] One of the child witnesses in *James* was the victim of the sexual assault and the other observed the incident.

[11] The defendant, relying on *State* v. *James,* supra, 211 Conn. 568, maintains that the instruction was nevertheless required as a matter of law in this case because there was no corroboration of the victim's testimony other than the constancy of accusation evidence. In *James,* however, we noted only that some "courts have found a special child credibility instruction, even when appropriate, not to be essential where there is corroboration." Id. It does not follow, however, that such an instruction is required when there is no corroborative evidence, and we did not so hold in *James.* As in other circumstances, whether to grant a request for an instruction on the credibility of a child witness is a determination to be left to the sound discretion of the trial court.

Similarly unavailing is the defendant's argument that the trial court failed to make any reference to a witness' age or maturity level in its general instruction on credibility. Although reference to the age or maturity of a witness may be appropriate in certain circumstances, this, too, is a question to be determined by the trial court. The defendant has failed to demonstrate that any such reference was required in this case.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.