RICHARD RIGGIO AND SONS, INC. *v.* ROBERT GALIETTE ET AL.
(AC 15996)

Dupont, C. J., and Spear and Hennessy, Js.

Argued May 2—officially released July 29, 1997

*Mark R. Leder*, with whom was *Robert Galiette*, for the appellants (defendants).

*Gregory M. Harris*, for the appellee (plaintiff).

*Opinion*

SPEAR, J. The defendants, Robert Galiette and Sandra Galiette, appeal from the judgment of the trial court in favor of the plaintiff, Richard Riggio and Sons, Inc., on the defendants' counterclaim that damages allegedly resulted from the plaintiff's filing of an invalid mechanic's lien. The defendants contend that the trial court improperly failed to consider the issue of damages, after concluding that the plaintiff's mechanic's lien was invalid, because of a mistaken belief that a finding of bad faith was required before damages could be awarded. We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. The plaintiff, a building contractor, sought

to foreclose a mechanic's lien on the defendants' property in Avon and alleged that the defendants failed to pay the balance due pursuant to a construction contract between the parties. In their counterclaim, the defendants asserted that the plaintiff breached the contract by both overcharging the defendants and substantially failing to perform specified work under the contract. The trial court bifurcated the mechanic's lien foreclosure from the breach of contract portion of the case. After determining that the plaintiff executed a valid mechanic's lien waiver and dismissing the plaintiff's claim that the defendants had procured such lien waiver fraudulently, the trial court, with amended pleadings, addressed the remaining contract dispute between the parties.

The trial court found that the contract, which contained no date for completion, was subject to various modifications at the defendants' direction.[1] The trial court concluded that the plaintiff's performance under the contract was "at all times in conformance with the design and direction of the defendants." Additionally, the court found that "[u]nder the circumstances in this case, the plaintiff had just cause to believe the lien waiver was invalid." Accordingly, the court found for the plaintiff on its contract claim and awarded the plaintiff damages and counsel fees. The court did not award any damages to the defendants for the plaintiff's filing of an invalid mechanic's lien. This appeal followed.

The defendants claim that the trial court improperly failed to consider the issue of damages pursuant to General Statutes § 49-51.[2] We disagree.

---

[1] Such modifications, all of which were drafted by the defendant Robert Galiette, were due to soil conditions, site relocation, and various design changes.

[2] General Statutes § 49-51 (a) provides in relevant part: "Any person having an interest in any real or personal property described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor . . . to discharge the lien. . . . If the lien is not dis-

We recognize that the defendants are not claiming on appeal that the trial court abused its discretion in not awarding damages pursuant to § 49-51. Rather, the defendants claim that the trial court never addressed the issue of damages at all. We must first construe the language of § 49-51 in order to address this claim.

General Statutes § 49-51 (a) provides that a court "*may* award the plaintiff damages for the failure of the defendant to make discharge [of a lien] upon request. . . ." (Emphasis added.) It is well established that "[i]f . . . language . . . is clear and unambiguous, we will interpret it in accordance with its plain meaning absent a compelling reason to the contrary." (Internal quotation marks omitted.) *State* v. *Angell*, 237 Conn. 321, 327, 677 A.2d 912 (1996). Clearly, the legislature's inclusion in the statute of the word "may," as opposed to "shall," indicates a discretionary power to award damages. Additionally, § 49-51 (a) provides that "[i]f the court is of the opinion that such certificate of lien was filed without just cause, it *may* allow, *in its discretion*, damages to any person aggrieved . . . ." (Emphasis added.) Again, the plain language of the statute is clear. The language of the statute does not indicate that a finding of bad faith is required for an award of damages. In its memorandum of decision, the court stated that "[u]nder the circumstances in this case, the plaintiff had just cause to believe the lien waiver was invalid." We do not interpret that statement to mean that the court believed that it could not award damages without also finding that the mechanic's lien was filed in bad faith.

charged within thirty days of the notice, that person may apply to the Superior Court for such a discharge, and the court may adjudge the validity or invalidity of the lien and *may* award the plaintiff damages for the failure of the defendant to make discharge upon request. If the court is of the opinion that such certificate of lien was filed without just cause, it *may* allow, *in its discretion*, damages to any person aggrieved by such failure to discharge . . . ." (Emphasis added.)

The defendants assert in their brief that an issue of "just cause" would "in most cases" require a party in the defendants' position to "prove bad faith or malice." They cite to no authority to support this proposition. We conclude that in finding that "the plaintiff had just cause to believe the lien waiver was invalid," the trial court properly adhered to the plain language of § 49-51.[3]

In considering the issue of whether a trial court properly reached and considered the damages issue within the context of § 49-51, our Supreme Court has held that "the trial court's statement[s] must be construed in the context of its opinion in its entirety, including its rejection of the defendant's counterclaim." *Woronecki* v. *Trappe*, 228 Conn. 574, 581, 637 A.2d 783 (1994). Here, the gravamen of the defendants' appeal is that, because the defendants were not awarded damages after the court found that the lien was invalid, the court could not have considered the damages issue. Our review of the record convinces us that the trial court did, in the proper exercise of its discretion, consider and reject the defendants' claim for damages. The trial court did not find that the invalid mechanic's lien caused the defendants' damage but, in fact, found that the defendants were not damaged at all by any acts of the plaintiff.

Specifically, the trial court observed that "[t]he contract contained no date for completion, therefore the court must consider whether under the facts and circumstances in this case time was of the essence. . . . The court expressly finds that time was not of the essence under the contract. The defendants never expressly complained to the plaintiff of the delays and, in fact, up to the time that the defendants discharged

---

[3] Specifically, in finding that "the plaintiff had just cause to believe the lien waiver was invalid," the court gave proper effect to the following language from § 49-51 (a): " 'If the court is of the opinion that *such certificate of lien was filed without just cause, [the court] may allow, in its discretion, damages* to any person aggrieved' . . . ." (Emphasis added.)

the plaintiff, the defendants led the plaintiff to believe that the plaintiff could resume work in late winter. . . ." Additionally, the court expressly found that "the excessive carrying costs being incurred by the defendants are not attributable to the plaintiff, but are the defendants' own choice. The defendants never put [their] Avon house on the market and the fact that [they have] greatly increased [their] cost is the product of market forces and conditions and the personal preference of the defendants." We conclude that the trial court did both reach and consider the issue of damages in permissibly exercising its discretion pursuant to § 49-51.

We also note that the trial court did not abuse its discretion in refusing to award damages to the defendants. It is well settled in this state that appellate "review of the trial court's exercise of its discretion is limited to questions of whether the court correctly applied the law and could reasonably have concluded as it did. . . . Every reasonable presumption will be given in favor of the trial court's ruling. . . . It is only when an abuse of discretion is manifest or where an injustice appears to have been done that a reversal will result from the trial court's exercise of discretion." (Internal quotation marks omitted.) *State* v. *Lasky*, 43 Conn. App. 619, 635, 685 A.2d 336 (1996), cert. denied, 239 Conn. 959, 688 A.2d 328 (1997).

The judgment is affirmed.

In this opinion the other judges concurred.