[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THE AMENDED COMPLAINT
The defendant in the above-captioned action, Credit Acceptance Corporation ("CAC") has moved to strike all nine counts of the plaintiffs' amended complaint, alleging that none states a cause of action upon which relief may be granted. In their complaint, the fifteen plaintiffs[1] allege that CAC violated the Retail Instalment Sales Financing Act, ("RISFA") Conn. Gen. Stat. §§ 36a-770, et seq. (formerly Conn. Gen. Stat. §§ 42-83, et seq.) and two provisions of Article 9 of the Uniform Commercial Code in its repossession and sale of vehicles acquired by the plaintiffs pursuant to retail instalment sales contracts. The plaintiffs, who allege the existence of five subclasses of similarly situated class members, further allege that CAC's alleged business practice of noncompliance with statutory requirements concerning CT Page 13494 repossession of vehicles constitutes a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110b, et seq.
Standard of Review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham 251 Conn. 597, 603, cert. denied, 147 L.Ed.2d 249 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 137 L.Ed.2d 308. (1996).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Bohan v. Last, 236 Conn. 670, 675 (1996); Sassone v. Lepore, 226 Conn. 773,780 (1993); Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). The requirement of favorable construction does not extend, however, to legal opinions or legal conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro,31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985); Fortini v. New England Log Homes, Inc.,4 Conn. App. 132, 134-35, cert. dismissed, 197 Conn. 801 (1985).
Counts Alleging Violations of the Notice Provisions of RISFA
In the first three counts of their complaint, the plaintiffs allege that CAC violated RISFA by providing notices of redemption rights that were late and inaccurate.
In Count One, plaintiffs Countryman, Milton Boyd, Maxine Boyd, Toliver, Beauregard, Smith and Ulm allege both that the post-repossession notice CAC provided to them violated RISFA by stating that the plaintiffs must pay the accelerated debt plus repossession costs and storage charges in order to redeem their vehicles. RISFA, at § 36a-785 (b), does not require a pre-repossession notice to the retail buyer but makes provision CT Page 13495 of such a notice discretionary with the holder of the contract: "Not less than ten days prior to the retaking, the holder of such contract, IF HE SO DESIRES, MAY serve upon the retail buyer . . . a notice of intention to retake the goods . . ." Failure to provide such a notice is therefore not a violation of RISFA. The plaintiffs have alleged the lack of such a notice apparently only as preamble to the allegation of a violation of a requirement that applies where a holder has elected not to provide prior notice of a repossession. Section 36a-785 (c) provides that:
 [i]f the holder of such contract does not give the notice of intention to retake described in subsection (b), he shall retain such goods for fifteen days after the retaking within the state in which they were located when retaken . . . The holder of such contract shall within three days of the retaking furnish or mail. . . . to the last known address of the buyer a written statement of the unaccelerated sum due under such contract and the actual and reasonable expense of any retaking and storage . . .
The plaintiffs allege in Count One that CAC sent them a notice stating that they would have to pay the accelerated amount of the debt, not the unaccelerated amount as the statute quoted above provides. The apparent purpose of requiring provision of such a notice is to allow the retail buyer an opportunity to redeem the vehicle by paying the amounts currently due. The accelerated amount of an instalment debt is likely to be much larger than the unaccelerated amount, as the former calculation would include the entire amount of the debt, including instalments not yet due, while the latter would include only the payments due as of the date of the default. A buyer who is advised that he or she must pay the accelerated amount in order to redeem is made to believe that a greater sum is needed than is actually required under RISFA.
In Count Three of the complaint, plaintiffs Countryman, Toliver, Beauregard, Smith, Ulm, Lynn, Milton Boyd and Maxine Boyd allege that CAC advised them in conversations, including telephone conversations, that in order to redeem their vehicles they would have to pay amounts in excess of the unaccelerated debt plus repossession and storage fees.[2]
The plaintiffs have clearly stated facts in Counts One and Three, which, if proven, would constitute a violation of RISFA, since RISFA specifies that debtors are to be notified that the redemption amount is the unaccelerated debt plus repossession and storage fees.
In Count Two, plaintiffs Moye, Kuwar, Gallup, Lynn, Forbes, Monts, Betty Wright and James Wright allege that CAC did not serve the notice CT Page 13496 required by § 36a-785 (c) within three days of the repossession of their vehicles. The provision of RISFA set forth above requires the post-repossession notice be provided within three days.
The defendant's motion with regard to Counts One, Two and Three is based on the view that the plaintiffs have identified the wrong remedy for the alleged violations and that these counts therefore fail to state cognizable claims.
The plaintiffs allege that the remedy for the allegedly violative notices is the remedy provided at Conn. Gen. Stat. § 36a-785 (i): the greater of their actual damages or one-quarter of the amount that they paid under the retail instalment contract or instalment loan contract. CAC claims that the only remedy available where the RISFA violation is the provision of a notice that fails to contain the information required by § 36a-785 (c) is the one stated in that subsection of
RISFA:
 For failure to furnish or mail such statement as required by this section, the holder of the contract shall forfeit the right to claim payment for the actual and reasonable expenses of retaking and storage, and also shall be liable for the actual damages suffered because of such failure.
Citing Gaynor v. Union Trust, 216 Conn. 458 (1990), CAC claims that the remedies identified in § 36a-785 (c) are the exclusive remedies for violation of the requirement of that section of the statute, and that the general RISFA remedies set forth at § 36a-785 (i) are not also available. The latter subsection provides that "[i]f the holder of the contract fails to comply with the provisions of subsections (c), (d), (e), (f), (g) and (h), after retaking the goods, the retail buyer may recover from the holder of the contract his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract." In Gaynor, the Supreme Court ruled on appeal from a full trial of the plaintiffs claims that the specific remedies identified in § 36a-285 (c) applied instead of the general statutory remedies identified in § 36a-285 (i) "for inadvertent
misstatements in a notice of retaking, such as occurred in this case." (Emphasis supplied.) Gaynor v. Union Trust, supra, 216 Conn. 476. The Court conspicuously did not say that the limited remedy identified in § 36a-785 (c) is the remedy for all violations, but restricted its construction of the statute to the facts before it:
 For inadvertent misstatements in a notice of CT Page 13497 retaking, such as occurred in this case, we are persuaded that the controlling provision is not the generally applicable sanction provided in § 42-98 (i) [now § 36a-285 (i)] but is rather the specifically applicable sanction contained in § 42-98 (c)[now § 36a-285 (c)].
Id.
The error in the notice in Gaynor was the identification of the storage charge as five dollars per day instead of three dollars per day. The plaintiff was charged only the lower, correct amount. The alleged noncompliance in the instant case is the acceleration of the debt. This court has no basis to read the complaint as alleging that this noncompliance was inadvertent. The finding of inadvertence in Gaynor was made after a trial on the merits, not on the basis of the pleadings, and the facts included a finding that the creditor had corrected the error and had not in fact required the buyer to pay the overstated charges.Gaynor v. Union Trust, 216 Conn. 475, [216 Conn. 458]. While CAC may seek to establish inadvertence at trial in order to restrict the remedies to those stated in § 36a-285 (c), it is not entitled to have the court decide upon a motion to strike what the correct remedy should be and to treat a projected rejection of the remedy favored by the plaintiff as a failure to state a cause of action. The facts pleaded are sufficient to allege violations of RISFA. The issue of the remedy that is appropriate for any violations that are proved at trial does not render the pleading of the violation deficient.
Counts Four and Five
In Count Four of the complaint plaintiff Smith alleges that after he failed to redeem his vehicle, CAC failed to resell it within 180 days of repossessing it, as required by Conn. Gen. Stat. § 36a-785 (d). He claims statutory damages pursuant to § 36a-785 (i) for this alleged violation.
In Count Five, plaintiffs Toliver, Beauregard, Milton Boyd and Maxine Boyd allege that CAC violated § 36a-485 (e) by failing to send an accounting of the disposition of the proceeds from the sale of their unredeemed vehicles to them within thirty days of the disposition of the vehicles. With regard to Counts Four and Five, the plaintiffs claim the statutory damages specified in § 36a-485 (i).
CAC has moved to strike these claims on the ground that the plaintiffs will not be able to prove that the alleged noncompliances caused them any CT Page 13498 actual damages. Specifically, it argues that even if resale were not accomplished in timely fashion, the consumer whose car is repossessed and resold is required to be credited with the fair market value of the vehicle at the time of repossession, pursuant to § 36a-785 (d). Plaintiff Smith notes that this section of RISFA also provides that the credit must be the higher amount of the book value or the actual resale value, and that the hope of a resale at a price higher than the book value is diminished by delay. Evidently recognizing the difficulty of proving actual damages in such consumer transactions, the General Assembly specifically provided statutory damages in § 36a-785 (i). RISFA does not require that a plaintiff prove actual damages in order to be eligible for statutory damages.
Section 36a-785 (i) provides as follows:
 If the holder of the contract fails to comply with the provisions of subsections (c), (d), (e), (f), (g) and (h), after retaking the goods, the retail buyer may recover from the holder of the contract his actual damages, if any, and in no event less than one-fourth of all payments which have been made under the contract.
The phrasing "in no event," precludes a construction that would limit statutory damages to cases in which a plaintiff alleged and proved actual damages.
CAC further asserts that the plaintiffs have failed to state claims in Counts Four and Five because RISFA authorizes a recovery of statutory damages only if a plaintiff alleges and proves violations of all six of the subsections of the statute listed in § 36a-785 (i), because that provision uses the conjunctive "and" in the list of violations for which a retail buyer may recover statutory damages.
The process of statutory interpretation involves a reasoned search for the intention of the legislature. In seeking to determine that meaning, courts look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. Luce v. United Technologies, Corp., 247 Conn. 126, 133 (1998). "In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended." Kron v.Thelen, 178 Conn. 189, 192 (1979); accord Schreck v. Stamford,250 Conn. 592, 596-97 (1999); Willow Springs Condominium Assn., Inc. v.Seventh BRT Development Corp. 245 Conn. 1, 26 (1998). CT Page 13499
The court "must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve . . . It is also a rule of statutory construction that those who promulgate statutes or rules do not intend to promulgate statutes or rules that lead to absurd consequences or bizarre results." (Internal quotation marks omitted.) Willow Springs Condominium Assn.Inc. v. Seventh BRT Development Corp., supra, 245 Conn. 30-31.
The construction of the word. "and" as used in subsection (i) as conjunctive or disjunctive is determinative of the legal sufficiency of the plaintiffs' claims, since the plaintiffs allege violations of some but not all of the listed subsections of § 36a-785. On occasion, the Connecticut Supreme Court has construed the word "and" to mean "or" in order to effectuate the intention of the legislature and the public policy of the state. See State v. Angell, 237 Conn. 321, 329 (1996);Commission on Hospitals Health Care v. Lakoff, 214 Conn. 321, 329
(1990); D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162,170 (1983); Bania v. New Hartford, 138 Conn. 172, 176 (1951).
If § 36a-785 (i) were construed to allow recovery only for violation of all six listed sections of the statutory requirements, a creditor could comply with a single provision and violate all sections except section (c) with impunity.[3] It is a basic principle of statutory construction that statutes are not to be construed in a manner that leads to an absurd or anomalous result. Maciejewski v. WestHartford, 194 Conn. 139, 150-151 (1984).
While one trial court, in Hunter v. American Honda Finance Corp.,27 Conn.L.Rptr. 35 (April 4, 2000), adopted the construction favored by CAC, that construction has been rejected in a more persuasive ruling. InCondor Capital Corp. v. Michaud, Docket No. 99 0588911 (July 25, 2000), 2000 WL 1161093 *12 (Conn.Super.), Judge Peck found that construction of § 36a-785 (i) in a claim of violation of RISFA was "an appropriate occasion, in order to effectuate the intent of the legislature as well as to achieve a reasonable result consistent with the very strong public policy in our state of consumer protection, to construe the word `and' in § 36a-785 (i) in the disjunctive sense." She persuasively noted that subsection (g) makes subsection (f) of § 36a-785 inapplicable where the vehicle repossessed is a motor vehicle. If "and" were construed as conjunctive, a plaintiff whose motor vehicle was repossessed would have no remedy at all for violations of RISFA because he could not plead the inapplicable subsection (f). To bar relief unless a claimant pleads violation of all subsections, even though (f) would be inapplicable, would be to find that RISFA provided no statutory damages with regard to violations concerning repossession of motor vehicles, a result contrary CT Page 13500 to the purposes of RISFA.
Construing § 36a-785 (i) to permit recovery for violation of any one of the listed subsections is congruent with the statement of the Supreme Court in Jacobs v. Healey Ford-Subaru, 231 Conn. 707, 722 (1995) that "[r]epossession statutes are enacted to protect the consumer from well documented repossession abuses and to encourage and promote compliance with the laws that govern such actions." Compliance would hardly be encouraged by reading § 36a-785 (i) in the manner favored by CAC.
CAC has not identified valid grounds to strike Counts Four and Five.
Counts Six and Seven
CAC asserts that the plaintiffs have failed to state cognizable causes of action for violation of Conn. Gen. Stat. § 42a-9-501 (2) because they have failed to set forth the actual text of the security agreement they invoke. The cited section of Article of the Uniform Commercial Code provides that "[a]fter default, the debtor has the rights and remedies provided in this part, those provided in the security agreement and those provided in section 42a-9-207."
The plaintiffs claim in these counts that CAC "failed to provide [them] with all of their rights under their security agreements . . ." by "failing to extend to them the right of redemption of the Vehicle following repossession for the unaccelerated debt plus repossession and storage charges." The plaintiffs have not separately alleged that the security agreement provides for redemption upon payment of the amount of the unaccelerated debt plus repossession and storage charges; however, the allegation cited above, read in the manner required in reviewing a pleading upon a motion to strike, sufficiently states that the plaintiffs' security agreements contain such a provision. CAC could have filed a request to revise to require the plaintiffs to state explicitly the provisions of the security agreements on which they rely but chose not to do so. This choice does not warrant a construction that the security agreement alleged by the plaintiffs to have been violated does not contain the requirement on which the claim of violation is based; rather, the existence of a security agreement containing the claimed requirements is a matter of proof.
Contrary to CAC's assertion, the plaintiffs have not argued that violations of RISFA constitute violations of Article Nine. They allege violations of § 42a-9-501 (2) as additional claims. The Supreme Court ruled in Jacobs v. Healy Ford-Subaru, Inc., supra, 231 Conn. 707, that a party may seek remedies under both RISFA and the UCC, and that neither CT Page 13501 statute's remedies are exclusive of remedies under other statutes.
Eighth Count
In this count, plaintiff Smith alleges that CAC failed to dispose of his motor vehicle by sale for a period in excess of 180 days and that this delay constituted a failure to dispose of the to which CAC's security interest applied in a commercially reasonable manner in property to which CAC's security interest applied in a commercially reasonable manner, in violation of Conn. Gen. Stat. § 42a-9-504. CAC has moved to strike this count on the ground that the cited section of Article 9 does not adopt 180 days as a reasonable time for disposal of property in which a party has a security interest. CAC is correct in its observation that § 42a-9-504 does not adopt a standard to determine whether a period of time for disposition after repossession is commercially reasonable. By alleging that a period in excess of 180 days was unreasonable, the plaintiff does not, however, fail to state a cause of action. The reasonableness of the time taken to dispose of this plaintiffs unredeemed vehicle is an issue of fact, not of law, since the UCC does not specify a specific time period. Commercial reasonableness may or may not be found to correspond to the 180-day period adopted in RISFA.
CUTPA Count
In the Ninth Count of the amended complaint, the plaintiffs reallege the conduct alleged in Counts One through Eight and further allege that "CAC has committed unfair acts and practices in violation of Conn. Gen. Stat. § 42-110a et. seq. by engaging in a persistent and long-standing pattern of disregard for Connecticut's repossession statutes by its violations of RISFA and the UCC as referenced above." The plaintiffs allege that they have suffered "an ascertainable loss as a result of CAC's violations," however they do not specify what that loss is or any facts concerning anything lost.
The statement that they have "suffered an ascertainable loss" is a legal conclusion keyed to the provision in CUTPA at § 42-110g(a), that statutory remedies are available to "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section42-110b . . ." In the preceding counts of their complaint, the plaintiffs seek only statutory damages, not actual damages, and they allege no facts whatsoever concerning any loss of money or property from CAC's conduct.
A violation of RISFA or of a provision of Article Nine of the UCC does not constitute a per se violation of CUTPA. Jacobs v. HealeyCT Page 13502Ford-Subaru, Inc., supra, 231 Conn. 726-27, and the plaintiffs therefore must plead facts that state a cause of action under CUTPA.
Plaintiffs observe correctly that a plaintiff need not plead the amount of his or her loss in order to state a cause of action under CUTPA.Hinchliffe v. American Motors Corp., 184 Conn. 607, 614 (1981). The plaintiffs have not simply failed to allege an amount; rather, they have failed to plead any facts alleging a loss. Their sole allegation with regard to loss is the legal conclusion at paragraph 55 that "Plaintiff and the Class members have suffered an ascertainable loss as a result of CAC's violations."
As this court has discussed above under the discussion of the standard of review for motions to strike, the requirement of favorable construction of pleadings does not extend to legal opinions or legal conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., supra, 196 Conn. 108; Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
The plaintiffs have failed to state facts concerning any loss they experienced but have merely pleaded a legal conclusion. They have failed to state a cause of action under CUTPA but are free to replead pursuant to Practice Book § 10-44.
Conclusion
The motion to strike is denied as to Counts One through Eight and granted as to Count Nine.
Beverly J. Hodgson Judge of the Superior Court